# EXHIBIT 1



**SBA** U.S. Small Business
Administration

# NOTE

| SBA Loan # | ▉9103 |
|---|---|
| SBA Loan Name | **Vision Property Holdings LLC** |
| Date | **July  13 , 2023** |
| Loan Amount | **$4,340,000.00** |
| Interest Rate | **Wall Street Journal Prime Rate plus 2.75%; adjusting every calendar quarter** |
| Borrower | **VISION PROPERTY HOLDINGS LLC, VISION MOTORS, INC., VISION SERVICE CENTER, INC. and GREEN LIGHT CONSULTING CORP.** |
| Operating Company | **VISION MOTORS, INC., VISION SERVICE CENTER, INC. and GREEN LIGHT CONSULTING CORP.** |
| Lender | **FULTON BANK, N.A.** |

1.    **PROMISE TO PAY:**

In return for the Loan, Borrower promises to pay to the order of Lender the amount of Four Million Three Hundred Forty Thousand and 00/100 Dollars ($4,340,000.00), interest on the unpaid principal balance, and all other amounts required by this Note.

2.    **DEFINITIONS:**

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.
"Guarantor" means each person or entity that signs a guarantee of payment of this Note.
"Loan" means the loan evidenced by this Note.
"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.
"SBA" means the Small Business Administration, an Agency of the United States of America.

**IMPORTANT NOTICE**
**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**



SBA Form 147 (06/03/02) Version 4.1

3.      **PAYMENT TERMS:** Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

> This Note will mature in 25 years and 3 months from date of Note.
>
> The interest rate on this Note will fluctuate. The initial interest rate is 10.25% per year. This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.75%. The initial interest rate must remain in effect until the first change period begins unless reduced in accordance with SOP 50 10.
>
> Borrower must pay a total of 6 payments of interest only on the disbursed principal balance beginning one month from the month this Note is dated and every month thereafter; payments must be made on the first calendar day in the months they are due.
>
> Borrower must pay principal and interest payments of $40,293.08 every month, beginning seven months from the month this Note is dated; payments must be made on the first calendar day in the months they are due.
>
> Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.
>
> The interest rate will be adjusted every calendar quarter (the "**change period**") beginning October 1, 2023 (date of first rate adjustment).
>
> The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal newspaper) in which SBA received the application, or the first day of the month in which any interest rate change occurs. . Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.
>
> The adjusted interest rate will be 2.75% above the Prime Rate. Lender will adjust the interest rate on the first calendar day of each change period. The change in interest rate is effective on that day, whether or not Lender gives Borrower notice of the change.
>
> The interest rate identified in the Note may not be changed during the life of the Loan unless changed in accordance with SOP 50 10.
>
> The interest rate adjustment period may only be changed in accordance with SOP 50 10.
>
> Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the Note.
>
> If the SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default. If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.
>
> **Loan Prepayment**:
>
> Notwithstanding any provision in this Note to the contrary:
>
> **Borrower may prepay this Note**. Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must:
>
> a)  Give Lender written notice;
>
> b)  Pay all accrued interest; and
>
> c)  If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date Lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b., above.
>
> If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice.
>
> **Subsidy Recoupment Fee.** When in any one of the first three years following the date of first disbursement Borrower voluntarily prepays more than 25% of the outstanding principal balance of the loan, Borrower must pay to Lender on behalf of the SBA a prepayment fee for that year as follows:
>
> a) During the first year after the date of first disbursement, 5 percent of the total prepayment amount;
>
> b) During the second year after the date of first disbursement, 3 percent of the total prepayment amount; and
>
> c) During the third year after the date of first disbursement, 1 percent of the total prepayment amount.
>
> All remaining principal and accrued interest is due and payable 25 years and 3 months from date of Note.
>
> **Late Charge**: If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5.0% of the unpaid portion of the regularly scheduled payment.

**SBA**
SBA Form 147 (06/03/02) Version 4.1
5055677.1

2 of 5

90276.023

4.    **DEFAULT:**

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.    Fails to do anything required by this Note and other Loan Documents;
B.    Defaults on any other loan with Lender;
C.    Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;
D.    Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;
E.    Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;
F.    Defaults on any loan or agreement with another creditor, if Lender believes default may materially affect Borrower's ability to pay this Note;
G.    Fails to pay any taxes when due;
H.    Becomes the subject of a proceeding under any bankruptcy or insolvency law;
I.    Has a receiver or liquidator appointed for any part of their business or property;
J.    Makes an assignment for the benefit of creditors;
K.    Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;
L.    Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or
M.    Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5.    **LENDER'S RIGHTS IF THERE IS A DEFAULT:**

Without notice or demand and without giving up any of its rights, Lender may:

A.    Require immediate payment of all amounts owing under this Note;
B.    Collect all amounts owing from any Borrower or Guarantor;
C.    File suit and obtain judgment;
D.    Take possession of any Collateral; or
E.    Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.    **LENDER'S GENERAL POWERS:**

Without notice and without Borrower's consent, Lender may:

A.    Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;
B.    Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;
C.    Release anyone obligated to pay this Note;
D.    Compromise, release, renew, extend or substitute any of the Collateral; and
E.    Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7.    **WHEN FEDERAL LAW APPLIES:**



SBA Form 147 (06/03/02) Version 4.1
5055677.1

3 of 5

90276.023

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.    **SUCCESSORS AND ASSIGNS:**

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9.    **GENERAL PROVISIONS:**

A.    All individuals and entities signing this Note are jointly and severally liable.

B.    Borrower waives all suretyship defenses.

C.    Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect or maintain Lender's liens on Collateral.

D.    Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

E.    Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F.    If any part of this Note is unenforceable, all other parts remain in effect.

G.    To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

10.    **STATE-SPECIFIC PROVISIONS:**

If payment of the indebtedness evidenced by this Note, or any part thereof, shall not be made when due and at maturity, by acceleration or otherwise, the Borrower hereby appoints and constitutes Stuart A. Schwager, William A. Goldberg and Ruth O. Katz, any one of whom may act (a Virginia attorney) Borrower's duly constituted attorney-in-fact to confess judgment pursuant to the provisions of Section 8.01-431 et seq. of the Code of Virginia of 1950, as amended, against Borrower for all principal and interest due and payable under this Note, together with attorneys' fees of 15% and collection fees as provided in this Note (to the extent permitted by law), which judgment shall be confessed in the Clerk's Office of Fairfax and/or Prince William County, Virginia and/or Manassas City, Virginia. Borrower shall, upon Lender's request, name such additional or alternative persons designated by Lender as Borrower's duly constituted attorney-in-fact to confess judgment against Borrower pursuant to the above Section. Upon request of Lender, Borrower also shall agree to the designation of any additional circuit courts in the Commonwealth of Virginia in which judgment may be confessed against Borrower.

No single exercise of the power to confess judgment shall be deemed to exhaust the power and no judgment against fewer than all the persons constituting Borrower shall bar any subsequent action or judgment against any one or more of such persons against whom judgment has not been obtained on this Note. Notwithstanding the Lender's right to obtain a judgment for attorneys' fees in the amount described in this paragraph, the Bank shall be entitled to collect only such reasonable attorneys' fees as are incurred by the Lender in accordance with this Note. If this Note is referred to any attorney for collection, and payment is obtained without the entry of a judgment, then the undersigned shall pay to holder attorney's fees in the amount aforesaid.

**SBA**

SBA Form 147 (06/03/02) Version 4.1

5055677.1

90276.023

10.    **STATE-SPECIFIC PROVISIONS:**

The Borrower shall pay to the Lender all reasonable costs and expenses (including reasonable attorneys' fees) of the Lender in connection with the Note and the other loan documents and the collection of all sums evidenced by it. The Borrower understands and agrees that upon an event of default, the Lender may incur costs of collection, including reasonable attorney's fees, after the date of any judgment that the Lender may obtain against the Borrower. The Borrower agrees to pay all of such reasonable costs and fees. The Borrower further agrees that the Borrower's obligation to pay such reasonable costs and fees, and the Lender's claim for such reasonable costs and fees, which are incurred by the Lender after the date of any judgment obtained by the Lender, shall survive the entry of, and shall not be merged into, any such judgment.

Use of the singular herein may also refer to the plural and vice versa, and the use of any gender shall be applicable to all genders.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note.

11.    **BORROWER'S NAME(S) AND SIGNATURE(S):**
By signing below, each individual or entity becomes obligated under this Note as Borrower.

VISION PROPERTY HOLDINGS LLC

By:_____ [SEAL]
Name: Jason J. Brown
Title: Member

VISION MOTORS, INC.

By:_____ [SEAL]
Name: Jason J. Brown
Title: President

VISION SERVICE CENTER, INC.

By:_____ [SEAL]
Name: Jason J. Brown
Title: President

GREEN LIGHT CONSULTING CORP.

By:_____ [SEAL]
Name: Jason J. Brown
Title: President

**SBA** SBA Form 147 (06/03/02) Version 4.1
5055677.1

5 of 5

90276.023