# EXHIBIT 2

**2023071400361 13**

Prince William County, VA
07/14/2023 03:47 PM  Pages: 37
Jacqueline C Smith, Esq., Clerk

**ALBANESE & ASSOCIATES PC**
**FILE NO.: 26635-23**

**PREPARED BY AND AFTER RECORDATION, RETURN TO:**
Alison W. Rind, Esq.
Lerch, Early & Brewer, Chartered
7600 Wisconsin Avenue
Suite 700
Bethesda, Maryland 20814

**THIS IS A PURCHASE MONEY DEED OF TRUST WITHIN THE MEANING OF VA. CODE §55.1-325 (1950), AS AMENDED. FOR THE PURPOSE OF AND TO THE EXTENT REQUIRED BY SUCH SECTION, (I) THE NAME OF THE NOTEHOLDER SECURED BY THIS DEED OF TRUST IS FULTON BANK, N.A., AS HOLDER OF THE PROMISSORY NOTE, (II) THE ADDRESS AT WHICH COMMUNICATIONS MAY BE MAILED OR DELIVERED TO SUCH NOTEHOLDER IS SET FORTH IN THIS DEED OF TRUST, AND (III) THE MAXIMUM AGGREGATE AMOUNT OF PRINCIPAL TO BE SECURED AT ANY ONE TIME IS $4,340,000.00.**

Tax Map Number: 100/01 00/C2B1A //

<u>**PURCHASE MONEY DEED OF TRUST,**</u>
<u>**ASSIGNMENT OF RENTS AND LEASES,**</u>
<u>**SECURITY AGREEMENT AND FIXTURE FILING**</u>

THIS DEED OF TRUST, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING (this "**Deed of Trust**") is made this **13**<sup>th</sup> day of July, 2023, by <u>VISION PROPERTY HOLDINGS LLC</u>, having an address of 9145 Centreville Road, Manassas, Virginia 20110 (hereinafter individually or collectively referred to as the "**Grantor**"), to <u>RESOURCE SERVICE CORPORATION</u>, a Virginia corporation (whether one or more, "**Trustee**"), whose address is 4429 Bonney Road, Virginia Beach, Virginia 23462 (whether one or more, the "**Trustees**") for the benefit of <u>FULTON BANK, N.A.</u>, having an address of 400 Creekside Drive, Suite 411, Pottstown, Pennsylvania 19464 (hereinafter referred to as the "**Beneficiary**").

NOTE:        **THE INDEBTEDNESS HEREBY SECURED IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE TRUST PROPERTY.**

*This document is prepared by: Alison W. Rind, Esquire, Lerch, Early & Brewer, Chartered, 7600 Wisconsin Avenue, Suite 700, Bethesda, Maryland 20814.*

5055703.1

90276.023

INFORMATION REQUIRED BY SECTION 55.1-318 OF THE VIRGINIA CODE:

The maximum aggregate amount of principal of Indebtedness to be secured at any one time by this Deed of Trust: $4,340,000.00.

The name of the Beneficiary and the address at which communications under Section 55.1-318 of the Virginia Code may be mailed or delivered to the Beneficiary are:

FULTON BANK, N.A.
400 Creekside Drive
Suite 411
Pottstown, Pennsylvania 19464

RECITALS:

WHEREAS, the Grantor, VISION MOTORS, INC., VISION SERVICE CENTER, INC. and GREEN LIGHT CONSULTING CORP. (hereinafter collectively and individually also referred to as the "**Borrower**") is justly indebted unto the Beneficiary in the aggregate principal sum of Four Million Three Hundred Forty Thousand and 00/100 Dollars ($4,340,000.00), such indebtedness being evidenced by the Promissory Note executed by the Grantor of even date herewith (hereinafter referred to as the "**Note**," such term to include each and every note issued in exchange therefor or in replacement thereof and any renewal, modification, restatement or extension of any Note, and no amendment to this Deed of Trust will be required solely by virtue of an extension of the Note in accordance with its terms), payable to the order of the Beneficiary at its offices 400 Creekside Drive, Suite 411, Pottstown, Pennsylvania 19464, or at such other place as the Beneficiary may in writing direct, in accordance with the terms and subject to the conditions therein contained, which terms and conditions are incorporated herein by reference as if fully set forth herein; and

WHEREAS, this Deed of Trust is entered into to secure all amounts due under the Note, including but not limited to principal, interest, loan fees, premiums, late charges, future advances, and all costs, expenses, attorneys' fees and other amounts, advanced, re-advanced or incurred by the Beneficiary, and the full performance of all provisions, conditions, covenants, and agreements contained in the Note, this Deed of Trust, or any other agreement or document heretofore or hereafter executed by the Grantor or any guarantor in connection with the transactions contemplated thereby, the reimbursement to the Beneficiary or to the Trustees of all sums and expenses which may be advanced or incurred by the Beneficiary or the Trustees as provided herein or therein, and the reimbursement to the Beneficiary or to the Trustees of all costs and expenses incurred (including, without limitation, attorneys' fees and disbursements) in connection with, or which may arise in respect of, the Note, this Deed of Trust, the indebtedness hereby secured or such other agreements and documents, as well as any and all renewals, extensions, restatements, replacements, or modifications of the Note, or of any part thereof, and for all money which may be advanced or re-advanced as herein provided for, and for the payment of any and all other existing and future non-consumer indebtedness of whatever type whether or not contemplated by the parties hereto, including but not limited to, liability for overdrafts and as endorser, guarantor, surety and any other commercial indebtedness, obligation or liability of the Grantor to the Beneficiary of every kind and description, whether direct, indirect, contingent, primary, secondary,

2

5055703.1                                                                          90276.023

joint, several, joint and several, including, without limitation, any modification, renewal, restatement, re-advance, extension, amendment, and re-amortization of such indebtedness, and for any and all costs and expenses (including counsel fees) incurred or paid on account of any litigation at law or in equity which may arise in respect to this Deed of Trust, or to the Trust Property hereinafter defined, or in obtaining possession of the Trust Property after any sale which may be made as hereinafter provided for. The total of all amounts due the Beneficiary by the Grantor, as described in this paragraph, shall be hereinafter referred to as the "**Indebtedness.**"

NOW, THEREFORE, THIS DEED OF TRUST WITNESSETH:

That to secure the prompt payment of the Indebtedness, the Grantor, in consideration of the payment of the sum of One Dollar ($1.00) paid to the Grantor (the receipt of which, before the signing and delivery of this Deed of Trust, is hereby acknowledged by the Grantor) does hereby grant and convey in trust unto the Trustees with power of sale and right of entry and possession the property (hereinafter referred to as the "**Land**") located in the City of Manassas, Virginia, more particularly described in Exhibit "A" attached hereto and made a part hereof.

TOGETHER WITH:

(a)    All of the Grantor's right, title and interest in and to all buildings and improvements now or hereafter erected or placed upon the Land, together with all landscaping and related amenities and facilities, equipment, apparatus, machinery, and fixtures of any kind or character forming a part thereof and any modifications, additions, restorations or replacements of the whole or any part thereof (all of which are hereinafter referred to as the "**Improvements**"), and all of the estate, right, title, interest, privileges, franchises, easements, rights-of-way, appurtenances and claims, either at law or in equity or otherwise of the Grantor, of, in, to, or out of the Land and Improvements, and any proceeds of insurance or awards made to the Grantor for the taking by eminent domain of any of the Land, Improvements or above-described property; and

(b)    All personal property, tangible or intangible, and all fixtures, building and other materials intended for construction, alteration and repair, now or hereafter owned, constructed or acquired by the Grantor, now or hereafter located on or in any way belonging, relating or pertaining to the Land or the Improvements, and all extensions, additions, renewals, substitutions and replacements thereof, including, without limitation, all sewer taps, permits and allocations, agreements for utilities, bonds, sureties, and the like, heating, lighting, laundry, incinerating and power equipment, engines, pipes, tanks, motors, conduits, switchboards, plumbing, lifting, cleaning, fire-prevention, fire-extinguishing, anti-theft, refrigerating, ventilating and communications apparatus, fuel, air-cooling and air-conditionings apparatus, elevators, escalators, shades, awnings, draperies, curtains, furniture, furnishings, carpeting and floor coverings, screens, storm doors and windows, building materials, stoves, boilers, gas and electric ranges, refrigerators, garbage disposals, sump pumps, washers, dryers, attached cabinets, partitions, ducts and compressors, ornaments, tools, rugs, signs, and including all equipment installed or to be installed or used or usable in connection with the operation of any improvements and appurtenant facilities erected or to be erected upon said premises or appropriated to the use thereof, and whether affixed or annexed or not; and

3

5055703.1                                                              90276.023

(c)    All of the Grantor's right, title and interest as landlord (whether named as such therein or by assignment or otherwise) in all leases, if any, of the Land or any portion thereof or of any space in the Improvements, now existing or at any time hereafter made, and any and all amendments, modifications, supplements, renewals and extensions thereof, together with all rents, royalties, security deposits, utility deposits, insurance premium rebates, revenues, down payments, issues, earnings, profits, income and other benefits of the Land and the Improvements (including, without limitation, advance rental payments, payments incident to any assignment, sublease or surrender of said leases, claims for forfeited deposits and claims for damages) now due or hereafter to become due with respect to the Land and the Improvements or any part thereof; and

(d)    To the extent they are transferable, all contracts, agreements, undertakings or options with engineers, contractors, subcontractors, mechanics and materialmen, now or hereafter entered into in connection with construction, alteration, repair or restoration of the Improvements or the ownership, operation, management or maintenance of the Trust Property and all plans and specifications, architectural drawings, renderings, profiles, studies, shop drawings, reports, plats, surveys, engineering studies, soil tests and other construction documentation; and

(e)    To the extent they are transferable, all permits, licenses, registrations, certificates, development rights, sewer or water rights, taps, tap fees, franchises, authorizations and approvals now or hereafter issued or required to be issued by any governmental or quasi-governmental authority for the construction, ownership, use or operation of the Trust Property; and

(f)    All intellectual property, including the names, logos, trademarks and service marks, whether or not registered, used or to be used by the Grantor in connection with the ownership or operation of the Trust Property, together with all goodwill associated with any of the foregoing; and

(g)    All licenses, certificates of occupancy, contracts, management agreements, operating agreements, operating covenants, franchise agreements, permits and variances, disposition and development agreements, planned unit development agreements, cooperative, condominium or similar ownership or conversion plans, management, leasing, brokerage or parking agreements or other material documents relating to or affecting the Grantor, the Land or the Improvements or any of the Trust Property; and

(h)    All contracts, and other agreements for the sale of the Land or the Improvements now or hereafter entered into by the Grantor and all right, title and interest of the Grantor thereunder, including, without limitation, cash or securities deposited thereunder to secure performance by the contract purchasers of their obligations thereunder, and including, again without limitation, the right to receive and collect the proceeds thereof; and

(i)    All right, title and interest of the Grantor in and to all streets, roads, alleys, ways, tenements, hereditaments, passages, waters, water rights, water courses, riparian rights and public places, ditches, wells, reservoirs and drains and all water, ditch, well, reservoir and drainage rights and powers which are appurtenant to, located on, under or above or used in connection with

4

5055703.1                                                                                    90276.023

the Land or the Improvements, or any part thereof, together (i) with all utilities, utility lines, utility commitments, utility capacity, capital recovery charges, impact fees and other fees paid in connection with same, (ii) reimbursements or other rights pertaining to utility or utility services provided to the Land and/or Improvements and (iii) the present or future use or availability of waste water capacity, or other utility facilities to the extent same pertain to or benefit the Land and/or Improvements, including, without limitation, all reservations of or commitments or letters covering any such use in the future, whether now existing or hereafter created or acquired, opened or proposed, and all grants of rights-of-way or easements, accessions, rights and appurtenances, now or hereafter used in connection with, or belonging or appertaining to, the Land or the Improvements, and all contract rights, general intangibles and actions or rights of action in any way relating to the Land or the Improvements; and

(j)     All additions, accessions and appurtenances to the foregoing, and all products and proceeds thereof and replacements and substitutions therefor, including, without limitation, proceeds of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including, without limitation, all proceeds of insurance and other payments as a result of any condemnation proceeding together with all amounts received by the Trustees, or due and payable to the Trustees or the Beneficiary pursuant to this Deed of Trust; and

(k)     All payments, proceeds, settlements of other compensation heretofore or hereafter made, including any interest thereon, and the right to receive the same from any and all insurance policies covering the Land or the Improvements now or hereafter erected thereon, or any portion thereof.

The Land together with all of the property described in these subparagraphs are hereinafter referred to as the "**Trust Property**".

TO HAVE AND TO HOLD the said Trust Property unto the Trustees and their successors and assigns, in trust, forever; provided, however, that so long as no Event of Default (as defined in herein) under this Deed of Trust shall have occurred, the Grantor shall have the right to possess and enjoy the Trust Property, and to receive the rents, issues, and profits therefrom, subject to the terms of the Note, this Deed of Trust and all other agreements or documents executed in connection with the transactions contemplated thereby; and further provided, however, that if the Grantor shall pay in full the principal of and interest on the Note and all other indebtedness which this Deed of Trust by its terms secures, shall present evidence of such payment satisfactory to the Trustees, and shall comply with all the terms and conditions hereof, and so long as no Event of Default under this Deed of Trust shall have occurred and be continuing, then the lien of this Deed of Trust shall be released by the Trustees upon the written request and at the expense of the Grantor.

IT IS HEREBY COVENANTED by the Grantor, that the Trust Property is to be held and applied subject to the terms herein set forth, and the Grantor, hereby covenants and agrees with the Trustees, for the benefit of the Beneficiary, as follows:

<u>ARTICLE I</u>

5

Representations, Warranties and Covenants

The Grantor hereby expressly represents, warrants and covenants and agrees for the benefit of the Beneficiary and the Trustees that:

1.01.    Title to the Trust Property and Authority to Convey. The Grantor represents and warrants that: (i) it has good and lawful right and authority to execute this Deed of Trust and to mortgage the Trust Property and that it is well seized and possessed of, good and marketable fee simple title in the Trust Property, free and clear of any mortgage, deed of trust, lien, claim, option, encumbrance, encroachment, reservation, right of way, easement, covenant, lease, condition or restriction, pledge, security interest, hypothecation, assignment, assigned deposit arrangement, charge or defect of any kind, or preference, priority or other security agreement or preferential arrangement of any kind or nature whatsoever, including without limitation, any conditional sale or other title retention agreement (all of the foregoing being hereinafter individually referred to as a "**Lien**" and collectively as "**Liens**"), subject only to this Deed of Trust and to the following (the "**Permitted Encumbrances**"):  (a) liens, if any, for taxes, assessments and other charges enumerated in Section 1.03(a) hereof not yet due or payable, (b) applicable building and zoning laws and regulations, (c) unfiled liens of mechanics and materialmen against which the Beneficiary has been adequately insured by a title insurance policy, (d) any and all municipal and public utility easements of record, and (e) other matters affecting title to the Trust Property as are approved by Beneficiary in writing; (ii) it will forever warrant and defend its title to the Trust Property and the validity, enforceability, and priority of the lien and security interest created by this Deed of Trust against the claims of all persons; and (iii) it has all necessary approvals, governmental and otherwise, and full power and authority to own its properties (including the Trust Property) and carry on its business.  The Grantor shall forthwith execute, acknowledge, and deliver, or shall cause to be executed, acknowledged, and delivered, every and all such further documents and assurances of the Trust Property as the Trustees or the Beneficiary may request.

1.02.    Payment of Indebtedness: Performance of Other Obligations. The Grantor has duly issued and delivered the Note and this Deed of Trust, and shall duly and punctually pay all sums secured hereby as the same shall become due and payable, and shall otherwise duly comply with all of the terms, covenants, conditions, and agreements of the Note, this Deed of Trust, and all agreements and documents mentioned herein or in the Note (hereinafter individually and collectively, the "**Loan Document(s)**," which term includes any and all amendments, restatements and modifications thereto).

1.03.    Payment of Taxes, Liens, Other Charges and Permitted Encumbrances.

(a)    Taxes. The Grantor shall pay all taxes, assessments (including, without limitation, all assessments for public improvements or benefits, whether or not commenced or completed prior to the date hereof), ground rents, water, sewer and other rents, rates and charges, excises, levies, license fees, permits fees, inspection fees and other authorization fees and other charges, in each case whether general or special, character (including all interest and penalties thereon), which at any time may be assessed, levied, confirmed or imposed on or in respect of, or be

6

5055703.1                                                                                            90276.023

a lien upon, (i) the Trust Property, or any part thereof or any rent therefrom or any estate, right, title or interest therein, or (ii) any occupancy, use or possession of or activity conducted on the Trust Property or any part thereof. Such payments shall be made before any fine, penalty, interest or cost may be added for nonpayment. Upon the Beneficiary's request, the Grantor shall furnish to the Beneficiary, within fifteen (15) days after such payments become due and payable, official receipts or other satisfactory proof evidencing such payments. Upon default in the payment of any such tax, assessment or other charge, the Beneficiary may (but shall have no obligation to) pay or cause to be paid the amount thereof, and such amount (together with any expenses incurred by the Beneficiary in connection therewith, including, without limitation, attorneys' fees and disbursements) shall be secured by this Deed of Trust and shall be repaid upon demand, together with interest thereon at the rate specified in the Note in case of default.

(b)    Liens: Permitted Encumbrances. The Grantor shall not effect any financing using the Trust Property or any part thereof as security, except such as shall be required in connection with the purchase, renovation, conversion or maintenance of the Trust Property and such financing which the Beneficiary, in its sole and absolute discretion, shall have previously approved in writing, and shall not directly or indirectly create or permit or suffer to be created or to remain, and will discharge, or promptly cause to be discharged, any Lien on or with respect to the Trust Property or any part thereof, or the Trustees' interest therein, other than (i) this Deed of Trust and mortgages or deeds of trust inferior to the lien hereof which the Beneficiary, in its sole and absolute discretion, has approved in writing, and (ii) the Permitted Encumbrances.

1.04.    Maintenance and Repairs. Etc. The Grantor (a) will keep the Trust Property in good order, condition and repair, and will not permit or suffer any waste of the Trust Property; (b) will promptly commence and complete the repair, rebuilding or replacement of any part of the Trust Property which may be taken by eminent domain or any proceedings in lieu thereof, or which may be damaged or destroyed by any casualty, regardless of whether there shall be any insurance proceeds therefor, any such repair, rebuilding or replacement to be in accordance with the procedures reasonably satisfactory to the Beneficiary; (c) will make all necessary and proper renewals, replacements and additions of and to the Trust Property (including, but not limited to, equipment replacement and repairs) which will insure that the value of the Trust Property as security shall not be impaired; and (d) will not tear down the Improvements on the Trust Property or materially change them nor permit them to be torn down or materially changed, without the prior written consent of the Beneficiary.

1.05.    Use Violations. The Grantor will not use or occupy the Trust Property or any part thereof, nor will the Grantor permit or allow the same to be used or occupied, for any unlawful purpose or in violation of any certificate of occupancy or other permit or certificate, or in violation of any law, ordinance, regulation, covenants, restrictions or reservations affecting the use or occupancy thereof, nor will the Grantor suffer any act to be done or any conditions to exist on the Trust Property, or any part thereof or any thing or article to be brought thereon, which may be dangerous, unless safeguarded as required by law, or which may, in fact or in law, constitute a nuisance, public or private, or which may make void or voidable any insurance then in force or required by the terms of this Deed of Trust to be in force with respect thereto.

7

5055703.1                                                                                    90276.023

1.06.   Inspection.   The Trustees, the Beneficiary and their respective authorized representatives may enter onto the Trust Property or any part thereof at all reasonable times for the purpose of inspecting the same. The Beneficiary and its successors and assigns are hereby granted an easement to enter and to authorize others to enter upon the Trust Property for the purposes of conducting environmental investigations and audits (including taking physical samples) and such other action deemed necessary by the Beneficiary to insure compliance by the Grantor with all Environmental Laws. The Grantor acknowledges that no adequate remedy at law exists for a violation of the easement granted herein and agrees that the Beneficiary is entitled to specific performance of its rights under this easement. The easement granted herein shall continue until this Deed of Trust is cancelled or released of record.

1.07.   Notices Concerning the Trust Property.

(a)   Generally. The Grantor shall deliver to the Trustees and to the Beneficiary promptly upon receipt of same, copies of all notices, certificates, documents and instruments received by it which materially affect the Trust Property, including, without limitation, notices from any tenant under any lease claiming that the lessor under the lease is in default in the performance or observance of any of the terms thereof. The Grantor promptly shall notify the Trustees and the Beneficiary of any default of which the Grantor has knowledge on the part of any tenant in the performance of any of the terms of any such lease.

(b)   Hazardous Materials. The Grantor shall immediately advise the Beneficiary in writing of (i) any and all enforcement, cleanup, remedial, removal, or other governmental or regulatory actions instituted, completed or threatened pursuant to any applicable federal, state, or local laws, ordinances or regulations relating to any Hazardous Materials affecting the Trust Property; and (ii) all claims made or threatened by any third party against the Grantor relating to damages, contribution, cost recovery compensation, loss or injury resulting from any Hazardous Materials. The Grantor shall immediately notify the Beneficiary of any remedial action taken by the Grantor with respect to the Trust Property.

1.08.   Restriction on Alienation. That the Grantor shall not convey, sell, assign, transfer, encumber or otherwise dispose of the Trust Property, or any part thereof or any interest therein, whether voluntary or involuntary, by operation of law or otherwise without the prior written consent of the Beneficiary. For purposes of this Section 1.08, a transfer of a membership interest in the Grantor will be deemed a transfer of the Trust Property. If the beneficial, equitable or legal title to the Trust Property is conveyed, sold, assigned, transferred or further encumbered, without the prior written consent of the Beneficiary, the Indebtedness shall immediately become due and payable in full.

1.09.   Liens and Governmental Requirements. Except as otherwise permitted by prior written consent of the Beneficiary, the Grantor (a) will keep the Trust Property free from all statutory liens and claims of every kind; (b) will not permit any lien or encumbrance of any kind to accrue, be placed on or remain on the Trust Property or any part thereof (other than liens for real estate taxes, front foot benefit charges and assessments not yet due and payable); and (c) will promptly and faithfully comply with and obey all laws, ordinances, rules, regulations, requirements and orders of

8

90276.023

every duly constituted governmental authority or agency having jurisdiction with respect to the Trust Property, including without limitation, the requirements of the Americans with Disabilities Act of 1990 and all other state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("**Access Laws**"). The Grantor agrees to give prompt notice to the Beneficiary of the receipt by the Grantor of any complaints related to violations of any Access Laws and of the commencement of any proceedings or investigations which relate to compliance with applicable Access Laws.

1.10.    <u>Insurance</u>.

(a)    The Grantor, at its expense, will obtain and maintain in full force and effect until the Note and all other obligations secured hereby have been fully paid and performed, with financially sound and reputable insurers approved by the Beneficiary (such approval not to be unreasonably withheld), the following insurance: (i) comprehensive general liability and property damage insurance on the Trust Property in amounts and coverage approved by the Beneficiary, (ii) insurance against loss or damage by fire and all other casualties as are included in the form of casualty insurance referred to as "Special Form (all risks)", without co-insurance, together with law and ordinance coverage, and such other insurance as Beneficiary reasonably may request with respect to the Improvements and all or any other part of the Trust Property now or hereafter located on the Land or held elsewhere by or for the Grantor for subsequent attachment to or location on the Land any other part of the Trust Property, protecting against loss or damage by fire, lightning, windstorm, hail, explosion, riot, insurrection, riot attending a strike, civil commotion, aircraft, vehicles, smoke, mold, vandalism and malicious mischief, in amounts sufficient to prevent the Beneficiary or the Grantor from becoming co-insurers of any partial loss under the applicable policies, and in amounts not less than 100% of the full insurable value (actual replacement value without deduction for physical depreciation) of the Improvements as determined no less often than once a year at the Grantor's expense by the insurer or insurers or by an expert approved by the Beneficiary, as the case may be; (iii) in the event that any portion of the Land is located in an area that has been identified by the Federal Emergency Management Agency as having special flood and mud slide hazard and in which the sale of flood insurance has been made available under the Flood Disaster Protection Act of 1973, such flood insurance; (iv) such other insurance on the Trust Property or any replacements or substitutions therefor, or additions thereto, and in such amounts as may from time to time be required by the Beneficiary; and (v) the Grantor shall also maintain during any period of construction, repair, or restoration to the Improvements, builder's risk and worker's compensation insurance (covering contractors and subcontractors), all in form, content, amount, and insurer satisfactory to the Beneficiary. All insurance policies and renewals thereof shall be in a form acceptable to the Beneficiary and shall include a standard mortgagee clause in favor of and in a form acceptable to the Beneficiary. The Beneficiary shall have the right to hold the policies and renewals thereof, and the Grantor shall promptly furnish to the Beneficiary all renewal notices and all receipts of paid premiums. Each insurance policy shall contain a clause providing that such policy may not be cancelled or modified without thirty (30) days prior written notice to the Beneficiary, provide that the policy shall not be invalidated by a waiver of the right of subrogation by any insured and, provide that the insurance carrier shall have no right of subrogation. In the event of any transfer of title to

9

5055703.1                                                                                            90276.023

the Trust Property, all right, title and interest of the Grantor in and to any insurance policies shall pass to the Beneficiary or its assigns.

(b)     In the event of loss, the Grantor shall give prompt written notice to the insurance carrier and the Beneficiary. The Beneficiary may make proof of loss if not made promptly by the Grantor. The Grantor shall promptly reimburse the Beneficiary for any and all costs and expenses in connection with any and inspections and assessments made by or on behalf of the Beneficiary in connection with any casualty or loss on the Trust Property or any claim or loss under any insurance covering the Trust Property.

(c)     Any insurance company which insures the Trust Property is hereby authorized and directed to make payment for any losses directly to and to the order of the Beneficiary, and the insurance proceeds, or any part thereof, may be applied by the Beneficiary either to the reduction of the Indebtedness or to the restoration or repair of the Trust Property. The Grantor hereby authorizes the Beneficiary, at its option, to collect, adjust and compromise any losses or claims under any of such insurance, and after deducting costs and expenses of collection (including, without limitation, reasonable attorney's fees and expenses) to apply all or part of the proceeds collected (if any) at the discretion of the Beneficiary as follows:   (a) as a credit upon any portion, as selected by the Beneficiary, of the Indebtedness; (b) to reimburse Grantor for the cost of reconstruction or repair of the Trust Property; or (c) to repairing, replacing or restoring the Trust Property, in which event the Beneficiary shall not be obligated to see to the proper application thereof, nor shall the amount so released or used be deemed a payment on any of the Indebtedness. The Beneficiary may, at the Beneficiary's option, condition disbursement of the insurance proceeds and funds contributed by the Grantor on the Beneficiary's approval of such plans and specifications of an architect or engineer satisfactory to the Beneficiary, contractor's cost estimates, construction budgets, architect's or engineer's certificates, waivers of liens, sworn statements of mechanics and materialmen and such other evidence of costs, percentage completion of construction, application of payments, and satisfaction of liens as the Beneficiary may reasonably require.

1.11.   Condemnation.

(a) Grantor's Obligations. The Grantor will promptly notify the Beneficiary of any threatened or instituted proceedings for the condemnation or taking by eminent domain of the Trust Property including any change in any street (whether as to grade, access, or otherwise)(a "**Taking**"). The Grantor shall, at its expense, (i) diligently prosecute these proceedings, (ii) deliver to the Beneficiary copies of all papers served in connection therewith, and (iii) consult and cooperate with the Beneficiary in the handling of these proceedings. No settlement of these proceedings shall be made by the Grantor without the Beneficiary's prior written consent. The Beneficiary may participate in these proceedings (but shall not be obligated to do so) and the Grantor will sign and deliver all instruments requested by the Beneficiary to permit this participation.

(b)   Beneficiary's Rights to Proceeds.   All condemnation awards, judgments, decrees, or proceeds of sale in lieu of condemnation ("**Award**") are assigned and shall be paid to the Beneficiary. The Grantor authorizes the Beneficiary to collect and receive them, to give

10

receipts for them, to accept them in the amount received without question or appeal, and/or to appeal any judgment, decree, or award. The Grantor will sign and deliver all instruments requested by the Beneficiary to permit these actions.

(c)    Application of Award.    Any Award received by or for the account of the Beneficiary in respect to any of the matters described in this Section shall, at the option of the Beneficiary, be applied in the following order of priority:  (a) to the reimbursement of the Beneficiary for all costs and expenses actually incurred by the Beneficiary in connection with the collection of such Award; (b) to all or to such portion of the Indebtedness as the Beneficiary may determine in its sole discretion; and (c) to the Grantor.

1.12.    Certain Payments by the Trustees or the Beneficiary.  (a) If the Grantor shall fail to perform any covenant contained herein or in the Note, the Beneficiary or the Trustees may make advances or payments to perform the same, but shall be under no obligation so to do; and all sums so advanced or paid shall be at once repayable by the Grantor and shall bear interest at the default rate of interest as provided for in the Note until paid, and any such sum or sums so advanced or paid, with interest as aforesaid, shall become a part of the Indebtedness; but no such advance or part of the payment shall relieve the Grantor from any default thereunder.

(b)    If any action or proceeding be commenced to which action or proceeding the Trustees or the Beneficiary is made a party, or in which it becomes necessary to defend or uphold the lien of this Deed of Trust, all sums paid by the Trustees or the Beneficiary for the expense of any litigation to prosecute or defend the right and lien created by this Deed of Trust (including attorneys' fees and disbursements) shall be at once repayable by the Grantor and shall bear interest at a rate of three (3) percentage points per annum in excess of the then current interest rate provided for in the Note until paid, and any sum or sums so paid, with interest as aforesaid shall become part of the Indebtedness.

1.13.    Indemnification by the Grantor.    The Grantor shall protect and indemnify the Trustees and the Beneficiary from and against any and all demands, suits, losses, assessments, fines, claims, damages, penalties, causes of action, costs or other expenses (including, without limitation, reasonable attorneys' fees and disbursements), imposed upon or incurred by or asserted against the Trustees, the Beneficiary or the directors, officers, agents or employees of the Beneficiary by reason of and including but not limited to liability or damage resulting from (a) ownership of the Trust Property or any interest therein, or receipt of any rent or other sum therefrom; (b) any accident to, personal injury or death of an employee of the Grantor, regardless of whether the Grantor has paid the employee under the workers' compensation laws of any state or other similar federal or state legislation for the protection of employees or the loss of or damage to property occurring on or about the Trust Property or the adjoining sidewalks, curbs, vaults or vault space, if any, streets or ways; (c) any use, nonuse or condition of the Trust Property or the adjoining sidewalks, curbs, vaults or vault space, if any, streets or ways; (d) any failure on the part of the Grantor to perform or comply with any of the terms of this Deed of Trust, the Note or any other Loan Document; (e) performance of any labor or services or the furnishing of any materials or other property in respect of the Trust Property or any part thereof for construction or maintenance or otherwise; (f) any action brought against the Trustees or the Beneficiary attacking the validity of this Deed of Trust, the Note, or any

11

5055703.1                                                                                          90276.023

other Loan Document and/or (g) actual or threatened damage to the environment, agency costs of investigation, personal injury or death, or property damage, due to a release or alleged release of Hazardous Materials, on or under the Trust Property or arising from the Grantor's business operations or in the surface or ground water located on or under the Trust Property or arising from the Grantor's business operations, or gaseous emissions from the Trust Property or arising from the Grantor's business operations, or any other condition existing on the Trust Property or arising from the Grantor's business operations resulting from the use or existence of Hazardous Materials, whether such claim proves to be true or false. The term "**property damage**" as used in this Section includes, but is not limited to, damage to any real or personal property of the Grantor, the Beneficiary, and of any third parties. Any amounts payable to the Trustees or the Beneficiary under this Section which are not paid within ten (10) days after written demand therefor by the Trustees or the Beneficiary shall bear interest at the rate of interest in effect under the Note from the date of such demand and shall be secured by this Deed of Trust. In the event any action, suit or proceeding is brought against the Trustees, the Beneficiary or the directors, officers, agents or employees of the Beneficiary by reason of any such occurrence, the Grantor, upon the request of the Trustees or the Beneficiary and at the Grantor's expense, shall resist and defend such action, suit or proceeding or cause the same to be resisted and defended by counsel designated by the Grantor and approved by the Trustees and/or the Beneficiary. Such obligations under this Section as shall have accrued at the time of any termination or satisfaction of this Deed of Trust shall survive any such termination or satisfaction.

1.14. <u>Recordation and Filings</u>. The Grantor, at any and all times, will do, prepare, execute, acknowledge, deliver, file and record and will cause to be done, prepared, executed, acknowledged, delivered, filed and recorded all and every such actions, deeds, financing statements, indentures, conveyances, transfers, assignments, instruments and assurances in law as the Trustees or the Beneficiary shall reasonably require for the better assuring, conveying, transferring, assigning and confirming unto the Trustees any and all of the premises, estates and property, real and personal, hereby granted, conveyed or transferred, or intended to be; and the Grantor will bear all expenses, charges and taxes in connection therewith.

1.15. <u>Assignment of Condemnation Awards</u>. The Grantor hereby grants, assigns, transfers and sets over unto the Beneficiary all right, title and interest of the Grantor in and to any award of payment made in respect to (a) any taking of the Trust Property or any part thereof as result of, or by agreement in anticipation of any part thereof as a result of, or by agreement in anticipation or in lieu of, exercise of the power of eminent domain or condemnation; and (b) any such taking of any appurtenances to the Trust Property or of areas, projections or the like outside the boundaries of the Trust Property or rights or interests in, below or above the ways, streets or alleys adjacent or proximate to the Trust Property, or rights or benefits of light, air, view or access to the Trust Property or said ways, streets or alleys, or for the taking of space or right therein or below or above the Trust Property; and (c) any damage to the Trust Property or any part thereof due to governmental action affecting but not resulting in a taking of the Trust Property, including, by way of example and not by way of limitation, the changing of the grade of a street adjacent or proximate to the Trust Property. Grantor covenants and agrees to initiate its claims for any such award or payment promptly, to prosecute the same diligently and in good faith and to cause the same to be collected and paid over to the Beneficiary.

5055703.1                                                                90276.023

1.16.   Compliance with Loan Agreement. The Grantor shall observe all the covenants and conditions set forth in any loan agreement by and between the Grantor and the Beneficiary relating to the loan evidenced by the Note, it being the intent hereof that this Deed of Trust shall secure performance by the Grantor of all obligations to be performed by the Grantor under said loan agreement.

1.17.   Litigation. There is not now pending against or affecting the Grantor or the Trust Property, nor, to the knowledge of the Grantor, is there threatened any action, suit or proceeding at law or in equity or by or before any administrative agency which if adversely determined, would materially impair or affect the Grantor's financial condition or operation, or the Trust Property.

1.18.   No Hazardous Materials. The Grantor has investigated the previous ownership and uses of the Trust Property, in a manner consistent with good commercial practice, to determine whether past or current activities have been conducted which might involve the use or disposal of Hazardous Materials. To the best of the Grantor's knowledge and belief, (a) no Hazardous Materials are located on, above, below or within the Trust Property; (b) the Trust Property has never been used as a manufacturing, storage or dump site for Hazardous Materials, nor is the Trust Property contaminated by any Hazardous Materials; or (c) no property adjoining the Land has ever been used as a manufacturing, storage or dump site for Hazardous Materials nor is any other adjoining property contaminated by Hazardous Materials.

For purposes of this Deed of Trust, "**Hazardous Materials**" shall mean any (i) hazardous, regulated and/or toxic chemicals, materials, substances or wastes occurring in the air, water, soil or ground water or noise in, on, over or under the Trust Property or the Improvements thereon, as defined in any Environmental Laws; (ii) oil, petroleum products, and their by-products; (iii) any substance, the presence of which is prohibited or controlled by any other applicable federal or state or local laws, regulations, statutes or ordinances now in force or hereafter enacted relating to waste disposal or environmental protection with respect to hazardous, toxic or other substances generated, produced, leaked, released, spilled or disposed of at or from the Trust Property; (iv) any other substance which by law requires special handling in its collection, storage, treatment or disposal including, but not limited to, asbestos or asbestos-containing material in any form that could be friable, polychlorinated biphenyls (PCBs), urea formaldehyde foam insulation and lead-based paints, but not including small quantities of such materials present on the Trust Property in retail containers, (v) Microbial Matter (as hereinafter defined) or infectious substances; (vi) underground or above-ground storage tanks, whether empty or containing any substance, the presence of which on the Trust Property is prohibited by any federal, state or local authority; (vii) any substance that requires special handling; and (viii) any other material or substance now or in the future defined as a "hazardous substance," "hazardous material," hazardous waste," "toxic substance," "toxic pollutant," "contaminant," or "pollutant" within the meaning of any Environmental Laws. "**Microbial Matter**" shall mean the presence of fungi or bacterial matter which reproduces through the release of spores or the splitting of cells, including, but not limited to, mold, mildew and viruses, whether or not such Microbial Matter is living.

1.19.   Environmental Laws/Hazardous Materials. The Grantor will promptly, fully and faithfully comply with, conform to and obey all Environmental Laws. The Grantor hereby covenants

13

5055703.1                                                                                                          90276.023

and agrees that, if at any time it is determined that there are Hazardous Materials located on the Trust Property, the Grantor shall immediately notify the Beneficiary in writing and take or cause to be taken, at its sole expense, such actions as may be necessary to remove the Hazardous Materials and comply with all Environmental Laws.  Promptly upon the written request of the Beneficiary from time to time, when the Beneficiary has a reasonable basis therefor, the Grantor shall provide the Beneficiary, at the Grantor's expense, with an environmental site assessment or environmental audit report prepared by an environmental engineering firm acceptable in the reasonable opinion of the Beneficiary, to assess with a reasonable degree of certainty the presence or absence of Hazardous Materials and the potential costs in connection with abatement, cleanup and removal of any Hazardous Materials found on, under, at or within the Trust Property.

If the Grantor shall fail to take such action, the Beneficiary may make advances or payments towards performance or satisfaction of the same, but shall be under no obligation so to do; and all sums so advanced or paid, including all sums advanced or paid in connection with any judicial or administrative investigation or proceeding relating thereto, including, without limitation, reasonable attorney's fees, fines, or other penalties, shall be at once repayable by the Grantor and shall bear interest at the default rate of interest as set forth in the Note, from the date the same shall become due and payable until the date paid, and all sums so advanced or paid, with interest as aforesaid, shall become a part of the Indebtedness.  Within thirty (30) days after a request by the Beneficiary, the Grantor will provide the Beneficiary with a bond, letter of credit or similar financial assurance evidencing to the Beneficiary's satisfaction that the necessary funds are available to pay the cost of removing, treating and disposing of any Hazardous Materials and the contamination of the Trust Property by such Hazardous Materials, and to discharge any lien which may be established on the Trust Property as a result of such Hazardous Materials.  The Grantor hereby agrees to defend, indemnify and hold harmless the Beneficiary and the Trustees from any and all liability, suits, actions, claims, demands, losses, expenses or costs, which may now or in the future (whether before or after the release of this Deed of Trust) be asserted as a result of the presence of any Hazardous Materials or contamination by Hazardous Materials on, above, below or within the Trust Property.

Notwithstanding any provision contained in the Note or in any documents executed in connection therewith, and by its execution hereof, the Grantor hereby agrees to and shall be and remain personally liable for all sums advanced by the Beneficiary (whether before or after the release of this Deed of Trust), under the terms of this Section.

For purposes of this Deed of Trust "**Environmental Laws**" shall mean all federal, state and local laws, whether now or hereafter enacted, and as amended from time to time, relating to pollution or protection of the environment, including, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act (Superfund or CERCLA), and the Superfund Amendments and the Reauthorization Act of 1986 (SARA), 42 U.S.C. § 9601 et seq., the Emergency Planning and Community Right-to-Know Act, 42 U.S.C. § 11001 et seq., the Resource Conservation and Recovery Act (the Solid Waste Disposal Act or RCRA), 42 U.S.C. § 6901 et seq., the Federal Water Pollution Control Act, (CWA), 33 U.S.C. § 1251 et seq., the Clean Air Act (CAA), 42 U.S.C. § 7401 et seq., the Hazardous Materials Transportation Act, 49 U.S.C. § 1801 et seq., the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq., the Safe Drinking Water Act, 42 U.S.C. § 300f et seq., the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C.A.

14

5055703.1                                                                                                     90276.023

§136 et seq., Medical Waste Tracking Act, 42 U.S.C. §6992, et seq., the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2601 et seq., the Occupational Safety and Health Act, 29 U.S.C. § 651, et seq., and the Oil Pollution Act, 33 U.S.C. § 2701 et seq., or comparable state statutes, as each such statute may be amended from time to time, and/or as defined in regulations promulgated thereunder; laws relating to emissions, discharges, releases or threatened releases of Hazardous Materials into the environment (including, without limitation, ambient air, surface water, ground water or land), or otherwise relating to the manufacture, generation, production, processing, distribution, use, treatment, storage, disposal, transport or handling of Hazardous Materials, and any and all regulations, codes, plans, orders, decrees, judgments, injunctions, notices or demand letters issued, entered, promulgated or approved thereunder.

1.20.   Monthly Escrow Deposits. The Grantor, upon the request of the Beneficiary, shall deposit in escrow with the Beneficiary, monthly, commencing on the due date of the first installment of interest under the Note, a sum which, in the estimation of the Beneficiary, shall be equal to one-twelfth of the annual taxes, assessments, and insurance premiums on the Trust Property, and such escrow deposits shall be held by the Beneficiary free of interest and free of any liens or claims on the part of creditors of the Grantor, and shall, except as otherwise provided in this Section, be used by the Beneficiary to pay taxes, assessments and insurance premiums on the Trust Property as the same accrue and are payable. Such escrow deposits shall not be, nor shall be deemed to be, trust funds but may become mingled with the general funds of the Beneficiary. If the amount of such escrow deposits is insufficient to pay the taxes, assessments and insurance premiums in full as the same become payable, the Grantor shall immediately pay to the Beneficiary such additional sums as are necessary in order for the Beneficiary to pay such taxes, assessments and insurance premiums in full. If the amount of such escrow deposits shall exceed payments made by the Beneficiary for such taxes, assessments and insurance premiums, the Grantor hereby elects to have such excess credited annually to subsequent deposits to be made by the Grantor. Upon any Event of Default under the provisions of this Deed of Trust, or as defined in the Note or in any other Loan Document, the Beneficiary may, at its option, apply any money in the fund resulting from such escrow deposits to the payment of the Indebtedness secured hereby in such manner as it may elect.

1.21.   Assignments; Leases; Application of Assigned Sums. (a) Without limiting the generality of the granting clauses hereof, the Grantor hereby absolutely, unconditionally and irrevocably assigns, transfers, conveys and sets over to the Trustees all right, title and interest of the Grantor in and to all of the rents, royalties, issues, profits, revenues, income and other benefits of the Trust Property arising from the use or enjoyment of all or any portion thereof or any lease or agreement pertaining thereto, together with full power and authority, in the name of the Trustees or the Beneficiary or the Grantor or otherwise, to enforce, collect, receive and provide receipts for any and all of the foregoing; (b) the Grantor further grants, conveys, assigns and transfers to the Trustees all right, title, interest and estate of the Grantor as landlord or lessor, in, to and under all of the lease and/or sublease agreements, licenses and other agreements for the occupancy of all or any portion of the Trust Property, whether such lease and/or sublease agreements, licenses and occupancy agreements now exist or are hereafter entered into by the Grantor, together with all extensions, renewals and/or modifications of, or substitutions for, such lease and/or sublease agreements, licenses and other occupancy agreements (collectively, the "**Leases**"); and all security deposits now or hereafter made under, and all guarantees of, any and all of the Leases; and any

15

90276.023

award or payment hereafter made to the Grantor in any bankruptcy, insolvency or reorganization proceeding involving any tenant of the Trust Property, all subject to the terms and license granted to the Grantor under that certain Assignment of Leases and Rents made by the Grantor to the Beneficiary of even date herewith, which document shall govern and control the provisions of this assignment; (c) the terms of this Section of this Deed of Trust shall not operate to place responsibility upon the Trustees or the Beneficiary for the control, care, management or repair of the Trust Property, nor for the carrying out of any of the terms and conditions of the Leases, nor shall it operate to make the Trustees or the Beneficiary responsible or liable for any waste committed on the Trust Property by the tenants or for any dangerous or defective condition of the Trust Property, or for any negligence in the management, upkeep, repair or control of the Trust Property resulting in loss or injury or death to any tenant, licensee, employee or stranger; (d) the terms of this Section of this Deed of Trust shall not be construed as constituting the Trustees or the Beneficiary as "mortgagee in possession" of the Trust Property in the absence of the taking of actual possession of the Trust Property; (e) the Grantor will not without the prior written consent of the Beneficiary, which consent shall not be unreasonably withheld, execute any lease of the whole or any part of the Trust Property. Any such lease shall be expressly subordinate to this Deed of Trust and shall in all other respects be satisfactory to the Beneficiary and its counsel. The Grantor will promptly and faithfully perform, or cause to be performed, all of the covenants and conditions and agreements contained in all leases of all or any part of the Trust Property now or hereafter existing which are required by the terms thereof to be performed by the lessor. The Grantor shall furnish to the Beneficiary, within ten (10) days after a request by the Beneficiary to do so, a written statement containing the names of all lessees of all or any part of the Trust Property. To the extent not provided by applicable law, each lease of the Trust Property or of any part thereof shall provide that, in the event of the enforcement by the Trustee or the Beneficiary of any of the remedies provided for by law or by this Deed of Trust, the lessee thereunder will, upon the written request of any person succeeding to the interest of the Grantor as a result of such enforcement, automatically become the tenant of such successor in interest, without change in the terms of other provisions of such lease; provided, however, that any such successor in interest shall not be bound by any payment of the rent under such lease in advance or any amendment or modification of such lease made without the written consent of the Trustees or the Beneficiary or such successor in interest, which consent shall not be unreasonably withheld. Each such lease shall also provide that, upon request by any such successor in interest, the lessee shall execute and deliver an instrument or instruments confirming such attornment. Notwithstanding anything contained herein to the contrary, the Grantor shall deliver to the Beneficiary, upon request therefor and at no charge to the Beneficiary, complete and accurate copies of each lease of all or any portion of the Trust Property.

1.22.  Accounting: Inspection.

(a)  Accounting. The Grantor shall keep and maintain proper and accurate books, records and accounts reflecting all items of income and expense pertaining to the Indebtedness or to the Trust Property or any part thereof. Such books, records and accounts shall be established and administered in accordance with generally accepted accounting principles applied on a consistent basis.

16

5055703.1                                                                 90276.023

(b)     Inspection. The Grantor shall, at its expense, permit the Beneficiary or its agents and representatives to inspect all books, records and accounts relating to the Indebtedness or to the Trust Property (and to make copies or extracts therefrom) and to cause such books of accounts to be reviewed by independent certified public accountants selected by the Beneficiary, at the expense of the Grantor, as often as may be reasonably requested.

1.23.   Parking. The Grantor will provide, maintain and light parking areas within the Trust Property, including any sidewalks, aisles, streets, driveways, sidewalk cuts and rights-of-way to and from the adjacent public streets, in a manner consistent with the use of the Trust Property and sufficient to accommodate the greatest of: (i) the number of parking spaces required by law; or (ii) the number of parking spaces required by leases of the Trust Property and any documents or agreements relating to parking on the Trust Property. The parking areas will be reserved and used exclusively for ingress, egress and parking for the Grantor and the tenants under leases of the Trust Property and their respective employees, customers and invitees and in accordance with such leases and any documents or agreements relating to parking on the Trust Property.

1.24.   Additional Warranties. The Grantor further represents, warrants and covenants to and with the Beneficiary that:

(a)     All utility services necessary and sufficient for the full use, occupancy, operation and disposition of the Land and the Improvements for their intended purposes are available or will be available to the Trust Property, including water, storm sewer, sanitary sewer, gas, electric, cable and telephone facilities, through public rights-of-way or perpetual private easements reflected in the title insurance policy insuring the lien of this Deed of Trust and approved by the Beneficiary (the "**Title Insurance Policy**");

(b)     All streets, roads, highways, bridges and waterways necessary for access to and full use, occupancy, operation and disposition of the Land and the Improvements have been or will be completed, dedicated to and accepted by the appropriate municipal authority and are open and available, or will be open and available, to the Land and the Improvements without further condition or cost to the Grantor;

(c)     All curb cuts, driveways and traffic signals shown on the survey delivered to the Beneficiary prior to the execution and delivery of this Deed of Trust are existing and have been fully approved by the appropriate governmental authority;

(d)     As of the date of this Deed of Trust (i) the Trust Property is free from delinquent water charges, sewer rents, taxes and assessments, and from unrepaired damage caused by fire, flood, accident or other casualty, and (ii) no part of the Land or the Improvements has been taken in condemnation, eminent domain or like proceeding nor is any such proceeding pending or to the Grantor's knowledge and belief, threatened or contemplated;

(e)     Except as set forth in the Title Insurance Policy insuring the lien of this Deed of Trust, no Improvements on adjoining properties encroach upon the Trust Property. The

17

5055703.1                                                              90276.023

Improvements that presently exist are, and upon completion of any future Improvements shall be, structurally sound, in good repair and free of defects in materials and workmanship and have been constructed and installed in substantial compliance with the plans and specifications relating thereto. All major building systems presently located within the Improvements or to be located within the Improvements in the future, including, without limitation, the heating and air conditioning systems and the electrical and plumbing systems, are in good working order and condition;

(f)     The Trust Property is free and clear of any mechanics' or materialmen's liens or liens in the nature thereof, and no rights are outstanding that under law would give rise to any such liens, any of which liens are or may be prior to, or equal with, the lien of this Deed of Trust, except those which are insured against by the Title Insurance Policy; and

(g)     The Trust Property is taxed separately without regard to any other real estate and constitutes a legally subdivided lot or lots under all applicable legal requirements (or, if not subdivided, no subdivision or platting of the Trust Property is required under applicable legal requirements), and for all purposes may be mortgaged, conveyed or otherwise dealt with as an independent parcel.

1.25.   OFAC Lists. (i) Neither the Grantor, nor any persons or entities holding any legal or beneficial interest whatsoever in the Grantor (whether directly or indirectly), are named on any list of persons, entities, and governments issued by the Office of Foreign Assets Control of the United States Department of the Treasury ("**OFAC**") pursuant to Executive Order 13224-Blocking Property and Prohibiting Transactions with Persons Who Commit, or Support Terrorism ("**Executive Order 13224**"), as in effect on the date hereof, or any similar list issued by OFAC or any other department or agency of the United State of America (collectively, the "**OFAC Lists**"), (ii) neither the Grantor, nor any persons or entities holding any legal or beneficial interest whatsoever in the Grantor (whether directly or indirectly), are included in, owned by, controlled by, acting for or on behalf of, providing assistance, support, sponsorship, or services of any kind to, or otherwise associated with any of the persons or entities referred to or described in the OFAC Lists; (iii) neither any guarantor, nor any persons or entities holding any legal or beneficial interest whatsoever in any guarantor (whether directly or indirectly), are named on any OFAC Lists; (iv) neither any guarantor, nor any persons or entities holding any legal or beneficial interest whatsoever in any guarantor (whether directly or indirectly), are included in, owned by, controlled by, acting for or on behalf of, providing assistance, support, sponsorship, or services of any kind to, or otherwise associated with any of the persons or entities referred to or described in the OFAC Lists, and (v) neither the Grantor nor any guarantor, nor any persons or entities holding any legal or beneficial interest whatsoever in the Grantor or any guarantor (whether directly or indirectly), have conducted business with or engaged in any transaction with any person or entity named on any of the OFAC Lists or any person or entity included in, owned by, controlled by, acting for or on behalf of, providing assistance, support, sponsorship, or services of any kind to, or otherwise associated with any of the persons or entities referred to in the OFAC Lists.

1.26.   Illegal Activity. No portion of the Trust Property has been or will be purchased, improved, fixtured, equipped or furnished with proceeds of any illegal activity and, to the best of

18

5055703.1                                                                                          90276.023

the Grantor's knowledge, there are no illegal activities at or on the Trust Property.

1.27.    Compliance with Anti-Terrorism Regulations.

(a)  The Grantor hereby covenants and agrees that neither the Grantor nor any guarantor, nor any persons or entities holding any legal or beneficial interest whatsoever in the Grantor or any guarantor (whether directly or indirectly), will conduct business with or engage in any transaction with any person or entity named on any of the OFAC Lists or any person or entity included in, owned by, controlled by, acting for or on behalf of, providing assistance, support, sponsorship, or services of any kind to, or otherwise associated with any of the persons or entities referred to or described in the OFAC Lists.

(b)  The Grantor hereby covenants and agrees that it will comply at all times with the requirements of Executive Order 13224; the International Emergency Economic Powers Act, 50 U.S.C. Sections 1701-06; the United and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. 107-56; the Iraqi Sanctions Act, Pub. L. 101-513, 104 Stat. 2047-55; the United Nations Participation Act, 22 U.S.C. Section 287c; the Antiterrorism and Effective Death Penalty Act, (enacting 8 U.S.C. Section 219, 18 U.S.C. Section 2332d, and 18 U.S.C. Section 2339b); the International Security and Development Cooperation Act, 22 U.S.C. Section 2349 aa9; the Terrorism Sanctions Regulations, 31 C.F.R. Part 595; the Terrorism List Governments Sanctions Regulations, 31 C.F.R. Part 596; and the Foreign Terrorist Organizations Sanctions Regulations, 31 C.F.R. Part 597 and any similar laws and regulations currently in force or hereafter enacted (collectively, the **"Anti-Terrorism Regulations"**).

(c)  The Grantor hereby covenants and agrees that if it becomes aware or receives any notice that the Grantor, any guarantor or the Trust Property, or any person or entity holding any legal or beneficial interest whatsoever (whether directly or indirectly) in the Grantor, any guarantor or in the Trust Property, is named on any of the OFAC Lists (such occurrence, an **"OFAC Violation"**), the Grantor will immediately (i) give notice to the Beneficiary of such OFAC Violation, and (ii) comply with all laws applicable to such OFAC Violation (regardless of whether the party included on any of the OFAC Lists is located within the jurisdiction of the United States of America), including, without limitation, the Anti-Terrorism Regulations, and the Grantor hereby authorizes and consents to the Beneficiary's taking any and all steps Beneficiary deems necessary, in its sole discretion, to comply with all Laws applicable to any such OFAC Violation, including, without limitation, the requirements of the Anti-Terrorism Regulations (including the "freezing" and/or "blocking" of assets).

(d)  Upon the Beneficiary's request from time to time during the term of the Note, the Grantor agrees to deliver a certification confirming that the representations and warranties set forth in this Section above remain true and correct as of the date of such certificate and confirming the Grantor's and any guarantor's compliance with this Section.

1.28.    Expenses. The Grantor, on demand, shall pay or reimburse the Beneficiary and the Trustees for all costs and expenses, including, without limitation, attorneys' fees and

19

disbursements, incurred by the Beneficiary or the Trustees in any action, legal proceedings or dispute of any kind with respect to which the Beneficiary or the Trustees are made parties, or in which any appear as party plaintiffs or defendants, affecting the Indebtedness secured hereby, this Deed of Trust, the interest created herein or the Trust Property, including, without limitation, any Taking involving the Trust Property or any action to protect the security hereof; and any such amounts paid by the Beneficiary or the Trustees shall be added to the Indebtedness secured by the lien of this Deed of Trust.

1.29.    Further Assurances.    At any time, and from time to time, upon request by the Beneficiary, the Grantor, at its expense, shall make, execute, deliver, and record, or cause to be made, executed, delivered, and recorded, any and all further instruments, certificates, and other documents, and shall take all such further actions as may, in the opinion of the Beneficiary, be necessary or desirable in order to effectuate, complete, perfect, continue, and/or preserve the obligations of the Grantor under the Note, under this Deed of Trust or under any other agreement or documents executed in connection with the transactions contemplated thereby, and the lien of this Deed of Trust, and all modifications, extensions, and other amendments of the same.   Upon any failure by the Grantor to take any such requested action, the Beneficiary may make, execute, and record any and all such instruments, certificates, and documents for and in the name of and at the expense of the Grantor, and the Grantor hereby irrevocably appoints the Beneficiary the agent and attorney-in-fact of the Grantor to take any such action.  Any expense incurred by Beneficiary in connection therewith, together with interest thereon at the maximum rate of interest allowed by law, shall be deemed to be part of the Indebtedness of the Grantor to the Beneficiary secured hereby.

## ARTICLE II

### Events of Default

The occurrence of any one or more of the following constitutes an "**Event of Default**" under this Deed of Trust:

2.01.    Monetary Default.   Failure to make any payment of interest, principal or any other payment (including, but not limited to, payments for taxes and insurance premiums) of the Indebtedness, required to be made by the Grantor under the Note and/or this Deed of Trust when due by acceleration, demand or otherwise; or

2.02.    Non-Monetary Default.   Any default, not otherwise specified in Article II of this Deed of Trust, shall be made in the due observance or performance of any covenant, condition or agreement on the part of the Grantor pursuant to the terms of this Deed of Trust, and such default shall continue unremedied for fifteen (15) calendar days after the written notice thereof provided by the Beneficiary to the Grantor; or

2.03    Defaults Under Other Loan Documents.   The occurrence of an Event of Default as defined in any of the Loan Documents; or

5055703.1                                                                                                         90276.023

2.04.    (a)    Voluntary Bankruptcy, Etc.  If the Grantor, Vision Motors, Inc., Vision Service Center, Inc. and Green Light Consulting Corp. (collectively and individually the "Co-Borrower"), Jason J. Brown and Nuvia H. Gomez (collectively, the "**Guarantors**," and together with the Grantor and Co-Borrower, hereinafter collectively referred to as the "**Obligors**"): (i) voluntarily is adjudicated as bankrupt or insolvent, (ii) seeks or consents to the appointment of a receiver or trustee for itself or for all or any part of its property, (iii) files a petition seeking relief under the bankruptcy or similar laws of the United States or any state or any other competent jurisdiction, (iv) makes a general assignment for the benefit of creditors, or (v) admits in writing its inability to pay its debts as they mature; or

(b)    Involuntary Bankruptcy, Etc.  A court of competent jurisdiction enters an order, judgment or decree appointing, without the consent of any of the Obligors, a receiver or trustee for the Grantor, or any Guarantor for all or any part of its property or approving a petition filed against it seeking relief under the bankruptcy or other similar laws of the United States or any state or other competent jurisdiction, and such order, judgment or decree shall remain in force undischarged or unstayed for a period of sixty (60) calendar days; or

2.05.    Alienation.  The sale, conveyance, transfer, assignment or encumbrance of the Trust Property or any part thereof or any interest therein, or a transfer prohibited by Section 1.08 of this Deed of Trust; or

2.06.    Cross Default.  Any default under the terms of (i) any other mortgage, deed of trust or other lien or encumbrance on the Trust Property, or (ii) any promissory note payable to the Beneficiary or guaranty for the benefit of the Beneficiary under which any of the Obligors is an obligor, or (iii) any other indebtedness or liability for borrowed money of any of the Obligors (other than the Indebtedness) if the effect of such default is to accelerate the maturity of such evidence of indebtedness or liability or to permit the holder thereof to cause any indebtedness to become due prior to its stated maturity; or

2.07.    Change in Zoning or Public Restriction.  If any change in any zoning ordinance or regulation or any other public restriction is enacted, adopted or implemented, that limits or defines the uses which may be made of the Trust Property such that the present or intended use of the Trust Property would be in violation of such zoning ordinance or regulation or public restriction, as changed; or

2.08.    Condition of Trust Property.  If the Grantor shall abandon or destroy the Trust Property or any part thereof; or if the Trust Property or any part thereof shall suffer any substantial damage, as determined by the Beneficiary in its sole discretion, which damage is not fully covered by insurance; or

2.09.    Judgment.  The entry of one or more final judgments, decrees or orders for the payment of money involving more than $10,000.00 in the aggregate against any of the Obligors for which, in the opinion of the Beneficiary, there is either no insurance or inadequate or insufficient insurance coverage, and the failure by any of the Obligors to discharge the same, or cause it to be

21

90276.023

discharged, or bonded off to the Beneficiary's satisfaction, within sixty (60) days from the date of the order, decree or process under which or pursuant to which such judgment was entered; or

2.10.  Forfeiture.    The filing of formal charges against any of the Obligors under any federal or state law for which forfeiture is a potential penalty; or

2.11.  Attachment. Any execution or attachment shall be levied against the Trust Property, or any part thereof, and such execution or attachment shall not be set aside, discharged or stayed within thirty (30) days after the same shall have been levied; or

2.12.  Financial Information. If any information contained in any financial statement, application, schedule, report or any other document given by any of the Obligors, or by any other person in connection with the Indebtedness or in any of the documents executed in connection therewith is not in all material respects true and accurate, or if any of the Obligors or such other person omitted to state any material fact or any fact necessary to make such information not misleading; or

2.13.  Death: Change in Business Status. Any of the Obligors, who is a natural person, shall die, or unless written consent of the Beneficiary is previously obtained, the sale of a material portion of business assets of any of the Obligors that is an entity, the commencement of any proceeding to dissolve or liquidate any of the Obligors, the change of the name of any of the Obligors, the occurrence of any change in the form of business entity through which any of the Obligors presently conducts its business, the occurrence of any merger or consolidation involving any of the Obligors, or the transfer, sale, transfer by division, issuance, retirement or redemption of any membership interest in any of the Obligors; or

2.14.  Adverse Change. If, in the judgment of the Beneficiary, there occurs a material adverse change in the business and affairs or the financial condition of any of the Obligors; or

2.15.  False Representation. If any representation or warranty made by any of the Obligors, or others on behalf of any of the Obligors, under or pursuant to the Note, this Deed of Trust or the Loan Documents shall prove to have been false or misleading in any material respect as of the date on which such representation or warranty was made; or

2.16.  Foreclosure of Other Liens. If the holder of a junior, subordinate or senior lien on the Trust Property, or the holder of any other lien on the Trust Property (without hereby imputing or implying the consent of the Beneficiary to any such junior, subordinated, senior or other lien) commences foreclosure proceedings or other similar proceedings for the enforcement of its remedies; or

2.17.  Other Default. The Grantor fails to comply fully, completely and timely with the covenants and agreements set forth in Section 1.10 of this Deed of Trust.

Notwithstanding anything herein to the contrary, no grace or cure period provided in this Deed of Trust or in any of the other Loan Documents will limit in any way the rights of the Trustees and the

22

5055703.1                                                                                    90276.023

Beneficiary to immediately and without notice take such action as they may deem necessary or appropriate to protect the security of this Deed of Trust and/or avoid or mitigate any liability on their part or any injury or damage to any persons or property.

## ARTICLE III

### Remedies

3.01.    <u>Acceleration</u>. If an Event of Default shall have occurred, then the entire Indebtedness shall, at the option of the Beneficiary, become due and payable in full without notice or demand, time being of the essence of this Deed of Trust; and no omission on the part of the Beneficiary to exercise such option when entitled so to do shall be considered as a waiver of such right. Without limiting the generality of the foregoing, the following provision is set forth herein order to comply with the requirements of §6.2-417 of the Code of Virginia, ("**Code**") if such requirements are applicable to the Trust Property: NOTICE:  THE INDEBTEDNESS SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE TRUST PROPERTY HEREBY CONVEYED.

3.02.    <u>Possession Upon Default</u>.  If an Event of Default shall have occurred and be continuing, the Grantor upon demand of the Beneficiary shall forthwith surrender to the Beneficiary the actual possession of the Trust Property, and to the extent permitted by law, the Beneficiary may enter and take possession of the Trust Property and may exclude the Grantor and the Grantor's agents and employees wholly therefrom. The Beneficiary may operate, manage and control the Trust Property and conduct the business thereof, including, without limitation, (a) make all necessary and proper repairs, renewals, replacements, additions, betterments and improvements thereto and thereon and purchase and otherwise acquire additional fixtures, personalty, and other property; (b) insure to keep the Trust Property insured; (c) manage and operate the Trust Property and exercise all the rights and powers of the Grantor, in its name or otherwise, with respect to the Trust Property; and (d) enter into any agreements with respect to the exercise by others of any of the powers herein granted to the Beneficiary or the Trustees, all as the Beneficiary or the Trustees may from time to time determine, in their sole discretion, to be necessary or desirable, and the cost and expense thereof incurred by the Beneficiary shall be added to the Indebtedness. The Beneficiary or the Trustees also may collect and receive all of the earnings, income, rents, profits, issues and revenues of the Trust Property and apply the same as provided in <u>Section 3.13</u> hereof. For the purpose of carrying out the provisions of this Section, the Grantor hereby constitutes the Beneficiary and the Trustees or either of them, with full power of substitution, as the true and lawful attorneys-in-fact of the Grantor to do and perform any and all actions permitted by this Section. Such appointment shall be deemed to be coupled with an interest that cannot be revoked. The attorneys-in-fact also shall have power to prosecute and defend all actions or proceedings in connection with the Trust Property. The Grantor hereby ratifies and confirms any and all actions of said attorneys-in-fact with respect to the Trust Property.

23

3.03.   _Foreclosure._   Upon the occurrence of any Event of Default the Beneficiary, in addition to any other rights and remedies provided in the Loan Documents, at law, in equity or otherwise, the Trustees, or such other person designated by the Beneficiary, shall have the power to and may sell the Trust Property at public auction, having first given notice of the time and place of such sale as required by law for the sale of real property in the jurisdiction in which the Trust Property is located.  Any such public auction may be postponed or adjourned by the Trustees by announcement at the time and place appointed for such sale or for such postponed or adjourned sale, and, without further notice or publication, such sale may be made at the time and place to which same shall be so adjourned or postponed.  Upon the completion of any sale and after due payment is made, the Trustees shall execute and deliver to the purchaser a good and sufficient deed of conveyance, or assignment and transfer, lawfully conveying, assigning and transferring the property sold and the Trustees shall apply the proceeds of the sale in accordance with the Deed of Trust.  The Beneficiary may bid at any such foreclosure sale.  The Trustees in conducting said sale may act either in person or through the agency of an auctioneer and may establish as one of the conditions of such sale that all bids and payments for the Trust Property be made in cash.  Nothing in this Section dealing with foreclosure procedures which specifies any particular actions to be taken by Trustee or Beneficiary shall be deemed to contradict the requirements and procedures (now or hereinafter existing) of Virginia law, and any such contradiction shall be resolved in favor of Virginia law applicable at the time of foreclosure.

· 3.04.   _Foreclosure of Personalty._   Upon the happening of any and every Event of Default, should the Trustees, as secured party, elect to cause any of the Trust Property to be disposed of as personal property because the same consists of a right in action or is property that can be severed from the real property or the Improvements without causing structural damage thereto, the Trustees may dispose of all or any part thereof in any manner now or hereafter permitted by the Uniform Commercial Code of the Commonwealth of Virginia or in accordance with any other remedy provided by law.  Any notices required under the Uniform Commercial Code with respect to the sale or other disposition of any of the Trust Property shall be deemed reasonable if mailed by the Trustees to the Grantor at its last known address at least ten (10) days prior to disposition of the Trust Property and, in the case of a private sale of the Trust Property, need state only that the Trustees intend to negotiate such a sale.

3.05.   _No Exclusion._   No right, power or remedy conferred upon or reserved to the Beneficiary or the Trustees by this Deed of Trust is intended to exclude any other right, power or remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power and remedy given hereunder or now or hereafter existing at law or in equity or by statute.

3.06.   _Enforcement and Expense._   The Grantor agrees to bear and pay all expenses (including reasonable attorneys' fees and appellate attorneys' fees) of or incidental to the enforcement of any provision hereof, or the enforcement, compromise or settlement of this Deed of Trust or the Note or any other agreement between Grantor and Beneficiary, and for the curing thereof, or for defending or asserting the rights and claims of the Beneficiary in respect thereof, by litigation or otherwise.  All rights and remedies of the Beneficiary shall be cumulative and may be exercised singly or concurrently.  Notwithstanding anything herein contained to the contrary, the

24

Grantor: (a) hereby waives trial by jury; (b) will not (i) at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from execution or sale of the Trust Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust; nor (ii) claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the premises, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order regarding a sale or sales or claim or exercise any right under any statute heretofore or hereafter enacted to redeem the Trust Property so sold or any part thereof; (c) hereby expressly waives all benefit or advantage of any such law or laws; (d) covenants not to take advantage of any such law or laws; and (e) covenants not to hinder, delay or impede execution of any power herein granted or delegated to the Beneficiary, but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. The Grantor waives all right to have the premises marshalled upon any foreclosure hereof.

3.07.    No Waiver. Any failure by the Beneficiary to insist upon the strict performance by the Grantor of any of the terms, conditions, covenants, agreements and provisions hereof shall not be deemed to be a waiver of any of such terms, covenants, agreements, conditions and provisions. Notwithstanding any such failure, the Beneficiary shall have the right thereafter to insist upon the strict performance by the Grantor of any and all of the terms, covenants, agreements, provisions and conditions of this Deed of Trust to be performed and observed by Grantor.

3.08.    Recovery of Judgment. During the continuance of any Event of Default, the Beneficiary shall be entitled and empowered to institute such actions or proceedings at law or in equity as it may consider advisable for the collection of the entire unpaid balance of the Indebtedness, and may prosecute any such action or proceeding to judgment or final decree, and may enforce any such judgment or final decree against the Grantor in any manner provided by law. The Beneficiary shall be entitled to recover judgment as aforesaid, either before, after or during the pendency of any proceeding for the enforcement of any remedy provided for in the Note or the Loan Documents and the right of the Beneficiary to recover judgment as aforesaid shall not be affected by any sale hereunder, or by the enforcement of the provisions of the Note and the Loan Documents or the foreclosure of the lien hereof. In the event of a sale of the Trust Property, and of the application of the proceeds of sale, as in this Deed of Trust provided, to the payment of the Indebtedness, the Beneficiary shall be entitled to enforce payment of, and to receive all amounts then remaining due and unpaid upon the Indebtedness and shall be entitled to recover judgment for any portion of the Indebtedness remaining unpaid, with interest as provided in the Note. In case of proceedings against the Grantor in insolvency or bankruptcy or any proceedings for its reorganization or involving the liquidation of its assets, then the Beneficiary shall be entitled to prove the whole amount due on account of the Indebtedness, without deducting therefrom any proceeds obtained from the sale of the whole or any part of the Trust Property; provided, however, that in no case shall the Beneficiary receive a greater amount than the total amount due on account of the Indebtedness from the aggregate amount of the proceeds from the sale of the Trust Property and the distribution from the estate of the Grantor.

25

5055703.1                                                                                        90276.023

No recovery of any judgment upon the Trust Property or upon any other property of the Grantor shall affect, in any manner or to any extent, the lien of this Deed of Trust upon the Trust Property or any part thereof, or any liens, rights, powers or remedies of the Trustees or the Beneficiary hereunder, but such liens, rights, powers and remedies of the Trustees and the Beneficiary shall continue unimpaired as before.

3.09.    Appointment of Receiver.  If an Event of Default shall have occurred, the Trustees shall, as a matter of right, to the extent permitted under applicable law, be entitled to, and at the direction of the Beneficiary shall, appoint a receiver for all or any part of the Trust Property, whether such receivership be incidental to a proposed sale of the Trust Property or otherwise, and the Grantor hereby consents to the appointment of such a receiver and shall not oppose any such appointment.  All disbursements made by the receiver under this Section and the expenses of receivership shall be added to the principal of the Indebtedness secured hereby and whether or not said principal sum, including such disbursements and expenses, exceeds the Indebtedness originally intended to be secured hereby, the entire amount of said sum, including such disbursements and expenses, shall be secured by this Deed of Trust and shall be due and payable on demand with interest at the rate provided in the Note in case of default.

3.10.    Trustees Authorized to Execute Deeds. Etc.  The Grantor irrevocably appoints the Trustees its true and lawful attorneys-in-fact, with full power of substitution, in its name and stead and on its behalf, for the purpose of effectuating any sale, assignment, transfer or delivery for the enforcement of this Deed of Trust pursuant to foreclosure or power of sale or otherwise, to execute and deliver all such certificates, deeds, bills of sale, assignments, and other instruments as the Trustees may consider necessary or appropriate.  The Grantor hereby ratifies and confirms all that such attorneys-in-fact or any substitute therefor shall lawfully do by virtue hereof.  Nevertheless, if so requested by the Trustees or any purchaser, the Grantor shall ratify and confirm any such sale, assignment, transfer or delivery by executing and delivering to the Trustees or such purchaser all proper certificates, deeds, bills of sale, assignments, releases, and other instruments as may be designated in any such request.

3.11.    Purchase of the Trust Property by the Beneficiary.  The Beneficiary may be a purchaser of the Trust Property or of any part thereof or of any interest therein at any sale thereof, without forfeiting its rights to collect any deficiency from the Grantor, whether pursuant to foreclosure or power of sale or otherwise hereunder, and may apply upon the purchase price the Indebtedness secured hereby owing to the Beneficiary.  The Beneficiary shall, upon any such purchase, acquire good title to the properties so purchased, free of the lien of this Deed of Trust and free of all rights of redemption in the Grantor and free of all liens and encumbrances subordinate to this Deed of Trust.

3.12.    Receipt a Sufficient Discharge to Purchaser.  Upon any sale of the Trust Property or any part thereof or any interest therein, whether pursuant to foreclosure or power of sale or otherwise hereunder, the receipt of the officer making the sale under judicial proceedings or of the Trustees shall be sufficient discharge to the purchaser for the purchase money, and such purchaser shall not be obligated to see to the application thereof.

26

90276.023

3.13.    Application of Proceeds of Sale and Other Monies. The proceeds of any sale of the Trust Property or any part thereof or any interest therein, whether pursuant to foreclosure or power of sale or otherwise hereunder, together with any other monies at any time held by the Trustees pursuant to this Deed of Trust, shall be applied to pay:

FIRST: All costs and expenses of enforcing the Note and this Deed of Trust, including, without limitation, all costs and expenses of the sale of the Trust Property or any part thereof or any interest therein, and all costs and expenses of entering upon, taking possession of removing, holding, constructing improvements on, and operating and managing the Trust Property or any part thereof, and all costs and expenses of repairs, renewals, replacements, additions, betterments, and improvements to the Trust Property, and all reasonable attorneys' fees and disbursements incurred in connection with any of the foregoing, as the case may be, together with compensation of the Trustees as provided in Section 4.04 hereof;

SECOND: Any taxes, levies, assessments or other charges, together with costs and interest, which have, or in the reasonable opinion of the Trustees may have, priority over the lien of this Deed of Trust, including the pro rata portion thereof applicable to the taxable period during which any payment is made pursuant to this Section;

THIRD: All amounts of principal, interest and other amounts due and payable on the Note (whether at maturity, on a date fixed for any payment or prepayment thereof, upon acceleration, or otherwise), including interest at the rate per annum provided for in the Note on any overdue principal and (to the extent permitted under applicable law) on any overdue interest and any other Indebtedness secured by this Deed of Trust; and in case such proceeds shall be insufficient to pay in full the amounts so due and unpaid upon the Note, then, first, to the payment of all amounts of interest due and payable on the Note, without preference or priority of any installment of interest over any other installment of interest; second, to the payment of any Indebtedness (other than the principal due and payable on the Note) secured by this Deed of Trust which is due and payable; and third, to the payment of all amounts of principal due and payable on the Note in the inverse order of maturity; and

FOURTH: The amount of any surplus of said proceeds, if any, less the expense, if any, of obtaining possession, to the Grantor or other party lawfully entitled to receive the same, upon the delivery and surrender of possession of the Trust Property sold and conveyed and the delivery of all records, books, bank accounts, leases, agreements, security deposits of the lessees and all material relating to the operation of Trust Property in the possession of the Grantor or its agents to the purchaser or purchasers.

In the event that the proceeds of any such sale or sales, together with all other monies at the time held by the Trustees under this Deed of Trust, are insufficient to pay the foregoing costs and expenses, the Beneficiary may, at its sole option, advance such sums as the Beneficiary in its sole and absolute discretion shall determine for the purpose of paying all or any part of such costs and expenses, and all such sums so advanced shall be (a) a lien against the Trust Property, (b) added to

27

5055703.1                                                                           90276.023

the amount due under the Note and secured by this Deed of Trust, and (c) payable on demand with interest at the rate provided in the Note in case of default, from and including the date each such advance is made. In any event, the Grantor shall be liable for any deficiency if the proceeds of such sale or sales are insufficient to pay, in full, all amounts to be distributed pursuant to the clauses FIRST through THIRD above.

## ARTICLE IV

### Concerning the Trustees

4.01.   Trustees' Joint and Several Authority to Act. The Trustees may act hereunder jointly, or either Trustee may act separately, and such Trustee shall have full power to exercise all powers and discretions herein granted to the Trustees without the joinder of the other Trustee or Trustees; and the Trustees or Trustee may sell and convey the Trust Property as herein provided although the Trustees, or either of them, have been, may now be or may hereafter be attorneys or agents of the Beneficiary, in respect of any matter or business whatsoever.

4.02.   Removal and Substitution of Trustees. The irrevocable power is hereby expressly granted to the Beneficiary to remove the Trustees, or either of them, hereunder and to appoint a successor or successors to either or both of them, or a single successor to both, at any time hereafter and without prior notice and without specifying any reason therefor, by filing for record in the office or offices, if more than one, where this Deed of Trust is recorded, an instrument substituting trustees, and thereupon such successor Trustee or Trustees, without any further act or deed of conveyance, shall succeed to and become vested with all the estates, property, title, rights, powers, trusts, duties and obligations of his or their predecessor or predecessors in the trust hereunder and applicable law with the like effect as if originally named as a Trustee or Trustees hereunder.

4.03.   Liability of The Trustees. The Trustees shall have no liability or responsibility for, and make no warranties in connection with, the validity or enforceability of this Deed of Trust or the description, value or status of title to the Trust Property. The Trustees shall be protected in acting upon any notice, request, consent, demand, statement, note or other paper or document believed by them to be genuine and to have been signed by the party or parties purporting to sign the same. The Trustees shall not be liable for any error of judgment, nor for any act done or step taken or omitted, nor for any mistakes of law or fact, nor for anything which the Trustees may do or refrain from doing in good faith, nor generally shall the Trustees have any accountability hereunder except for willful misconduct or gross negligence. The powers and duties of the Trustees hereunder may be exercised through such attorneys, agents or servants as they may appoint, and the Trustees shall have no liability or responsibility for any act, failure to act, negligence or willful misconduct of such attorney, agent or servant, so long as they were selected with reasonable care. In addition, the Trustees may consult with legal counsel selected by them and the Trustees shall have no liability or responsibility by reason of any act or failure to act in accordance with the opinions of such counsel. The Trustees may act hereunder and may sell or otherwise dispose of the Trust Property or any part thereof as herein provided although the Trustees have been, may now be or may hereafter be attorneys, officers, agents or employees of the Beneficiary in respect of any matter or business whatsoever. The

5055703.1                                                                              90276.023

Trustees, however, shall have no obligation to sell all or any part of the Trust Property following an Event of Default or to take any other action authorized to be taken by them hereunder except upon the instruction of the Beneficiary. The duties and obligations of the Trustees to the Grantor and to all other persons and entities shall be determined solely by the express provisions of this Deed of Trust and no implied covenant shall exist.

4.04. <u>Payment of Trustees' Fees and Costs</u>. The Grantor shall pay to the Trustees a commission in the amount of five percent (5%) of the proceeds of sale of the Trust Property or any part thereof sold pursuant to this Deed of Trust, or two and one-half percent (2.5%) of the then outstanding debt secured hereby if the Trust Property is advertised for sale under the provisions of this Deed of Trust and is not sold, and the Grantor also shall pay or reimburse the Trustees for all of the Trustees' expenses and disbursements hereunder. In addition, the Grantor shall pay all costs, charges, and expenses, including reasonable counsel fees, which the Beneficiary and/or the Trustees may incur in collecting any sum hereby secured or in enforcing any of the rights of the Beneficiary hereunder or in protecting the security of the Beneficiary whether by suit or otherwise. If one or more of the Events of Default shall happen, and, with or without such default, upon the taking of any actions required or authorized hereunder, the Grantor shall pay to the Trustees, on demand, all costs, charges, fees and disbursements of the Trustees chargeable to or incurred in or about the administration and execution of the trusts hereby created and the performance of their powers and duties hereunder; any such costs, charges, fees and disbursements not paid by the Grantor shall become part of the Indebtedness secured hereby.

ARTICLE V

Miscellaneous Provisions

5.01. <u>Renewal. Modification and Waiver</u>. The Beneficiary may at any time renew, extend, alter or modify the Note or any Loan Document in any way and may waive, alter, or modify any of the covenants and conditions of the Note or any Loan Document, in whole or in part, or add additional covenants and conditions, either at the request of the Grantor or of any other party then having an interest in the Trust Property or in any way liable on the Indebtedness, and may take other security for the Indebtedness or release any portion of the Trust Property, or release any party primarily or secondarily liable on the Note or hereunder or on such other security and may grant such extensions or indulgences in relation to the Note and this Deed of Trust and the payment thereof, or may apply any part or all of the proceeds obtained by sale or otherwise as herein provided to the Indebtedness, without resort or regard to other security, all without in any way releasing the Grantor from any of the covenants, agreements or conditions of the Note or this Deed of Trust affecting the lien hereof on the Trust Property and not specifically released. Any such renewal, modification or waiver made pursuant to this paragraph, shall not be considered as a novation between the parties. Notice of such renewal, modification or waiver need not be given to nor the consent required of any person or secured party claiming an interest in the Trust Property.

5.02. <u>Successors and Assigns</u>. All of the terms, conditions, stipulations, warranties, representations and covenants of this Deed of Trust shall apply to and be binding upon the Grantor

29

and shall inure to the benefit of the Trustees and the Beneficiary and in each case of their respective heirs, personal representatives, administrators, successors and assigns. If the Grantor consists of more than one person, firm or entity, the obligations of each such person, firm or entity constituting the Grantor shall be joint and several.

5.03.   Security Agreement: Fixture Filing. The Grantor agrees that this Deed of Trust shall constitute a security agreement under the Uniform Commercial Code as the same is in force in the Commonwealth of Virginia, and hereby grants to the Trustees for the benefit of the Beneficiary a security interest in all Trust Property to which Article 9 of said Uniform Commercial Code is applicable to the extent it is not real property. The Grantor hereby authorizes the Beneficiary to file a financing statement describing the Trust Property and continuation statements without the Grantor's signature thereon. After notice to the Grantor, the Beneficiary is authorized to file financing statement amendments without the Grantor's signature thereon to any financing statements naming the Beneficiary as a secured party in order to add collateral or a debtor. The Grantor is not authorized to file correction statements to financing statements. Subject to the Uniform Commercial Code, this Deed of Trust shall also be effective as a financing statement covering fixtures and goods that are to become fixtures, minerals or the like, and accounts as defined in Section 8.9A-102(a) of the Code, and similar provisions (if any) of the Uniform Commercial Code as enacted in any other state where the Trust Property is situated and is to be filed for record in the real estate records of each county where any part of the Trust Property is situated. This Deed of Trust shall also be effective as a financing statement covering any after-acquired property within the meaning of Section 8.9A-204, *et seq* of the Code.

5.04.   Severability of Provisions. In the event any one or more of the provisions of the Note, this Deed of Trust or any of the Loan Documents shall for any reason be held to be invalid, illegal, or unenforceable, in whole or in part or in any respect, or in the event any one or more of the provisions of the Note, this Deed of Trust or said documents operate or would prospectively operate to invalidate this Deed of Trust, then and in any of those events, at the option of the Beneficiary, only that provision or provisions shall be held for naught. All other provisions of the Note, this Deed of Trust and other Loan Documents shall remain operative and in full force and effect and shall in no way be affected, prejudiced, or disturbed in any way.

5.05.   No Partnership – Control – Third Parties.   This Deed of Trust contemplates the extension of credit by the Beneficiary, in its capacity as a lender, to the Grantor, in its capacity as a borrower, and for the payment of interest and repayment of principal by the Grantor to the Beneficiary. The relationship between the Beneficiary and the Grantor is limited to that of creditor/secured party and debtor. Any provisions herein for compliance with financial covenants, delivery of financial statements, and other covenants are intended solely for the benefit of the Beneficiary to protect its interests as lender in assuring payments of interest and principal, and nothing contained in this Deed of Trust shall be construed as permitting or obligating the Beneficiary to act as financial or business advisor or consultant to the Grantor, as permitting or obligating the Beneficiary to control the Grantor, or to conduct the Grantor's operations, as creating any fiduciary obligation on the part of the Beneficiary to the Grantor, as creating any joint venture, agency, or other relationship between the parties other than as explicitly and specifically stated in this Deed of Trust. The Grantor acknowledges that it has had the opportunity to obtain

30

5055703.1                                                                                      90276.023

the advice of experienced counsel of its own choosing in connection with the negotiation and execution of this Deed of Trust and to obtain the advice of such counsel with respect to all matters contained herein, including, without limitation, the provision herein relative to the waiver of trial by jury. The Grantor further acknowledges that it is experienced with respect to financial and credit matters and has made its own independent decision to apply to the Beneficiary for credit and to execute and deliver this Deed of Trust. The terms and provisions of the Note and other Loan Documents are for the benefit of the Grantor, the Trustees, the Beneficiary, their respective successors, assigns, endorsees and transferees and all persons claiming under or through them and no other person shall have any right or cause of action on account thereof.

5.06.    State-Specific Provisions.

(a)    Principles of Construction. In the event of any inconsistencies between the terms and conditions of this Section 5.06, and the terms and conditions of this Deed of Trust, the terms and conditions of this Section 5.06 shall control and be binding.

(b)    Statutory Conditions. This Deed of Trust is made and delivered in and shall be governed and construed in accordance with the laws of the Commonwealth of Virginia (not including the choice of law rules thereof). Except as otherwise herein expressly provided, this Deed of Trust shall be construed to incorporate the provisions of Sections 55.1-321 through 55.1-324 and Section 8.01-592 of the Code of Virginia as now in force and specifically to incorporate herein the following provisions, by short form reference below, of Sections 55.1-322, 55.1-324, 55.1-325, 55.1-1403 and 8.01-592 of the Code of Virginia:

(i)     Exemptions waived.

(ii)    Renewal, extension or reinstatement permitted.

(iii)   Any Trustee may act.

(iv)    Advertisement required: Such advertisement shall be published once a week for two successive weeks.

(v)     Bidder's deposit of not more than 10% of the sales price may be required.

(vi)    Perfection of lien or interest in leases, rents and profits.

(vii)   Subject to call upon default.

(viii)  Special receiver may be appointed on an ex parte basis upon the occurrence of certain exigent circumstances.

(c)    Assignment of Leases and Rents. Grantor hereby agrees that Beneficiary shall be entitled to all rights and benefits afforded to Beneficiary pursuant to Section 55.1-1403 of the Code.

31

5055703.1                                                                    90276.023

(d)    <u>Business and Investment Loan</u>. This Deed of Trust secures a business and investment loan within the meaning of Section 6.2-317 of the Code. Grantor hereby represents and warrants that the indebtedness evidenced by the Note and this Deed of Trust is being obtained for the sole purpose of acquiring and carrying on a loan for business or investment purposes within the meaning of Section 6.2-317 of the Code, and all proceeds of such indebtedness will be used solely in connection with such business or investment.

(e)    <u>Rights and Remedies of Trustee</u>. Without limiting any rights set forth herein, upon the occurrence and during the continuance of an Event of Default, the Trustee may take possession of and sell the Trust Property, or any part thereof requested by Beneficiary to be sold, and in connection therewith the Grantor hereby authorizes and empowers the Trustees to take possession of and sell (or in case of the default of any purchaser to resell) the Trust Property, or any part thereof, all in accordance with the laws or rules of the courts of the Commonwealth of Virginia relating to deeds of trust. In connection with any foreclosure, Beneficiary and/or Trustees may (y) procure such title reports, surveys, tax histories and appraisals as they deem necessary, and (z) make such repairs and additions to the Trust Property as they deem advisable, all of which shall constitute "Expenses" (hereinafter defined). In the event that the proceeds of any such sale or sales, together with all other monies at the time held by Trustees under this Deed of Trust, are insufficient to pay the foregoing costs and expenses, Beneficiary may, at its sole option, advance such sums as Beneficiary in its sole and absolute discretion shall determine for the purpose of paying all or any part of such Expenses, and all such sums so advanced shall be (A) secured by all other collateral for the Note, (B) added to the amount due under the Note, and (C) payable on demand with interest at the rate of interest applicable to the principal balance of the Note, from and including the date each such advance is made. In any event, the Obligors shall be liable to Beneficiary for any deficiency if the proceeds of any such sale or sales are insufficient to satisfy in full the amounts due under the Note, and to pay the costs and expenses of executing the trust, including a reasonable commission to the Trustee, and to discharge all taxes, levies, and assessments, with costs and interest if they have priority over the lien of this Deed of Trust, including the amounts due pro rata thereof for the current year, the Grantor shall pay or reimburse the Trustees for all of Trustees' expenses and disbursements hereunder regardless of whether the Trust Property is sold. In the case of any sale under this Deed of Trust, by virtue of judicial proceedings or otherwise, the Trust Property may be sold as an entirety or in parcels, by one sale or by several sales, and any fixtures or collateral encumbered by this Deed of Trust may be sold at the same sale as the Trust Property or in one or more sales, as may be deemed by Trustee to be appropriate and without regard to any right of the Grantor or any other person to the marshalling of assets, for cash, on credit or for other property, for immediate or future delivery, and for such price or prices and on such terms having first given such notice prior to the sale of such time, place and terms by publication in at least one newspaper published or having general circulation in the city or county in which the Trust Property is located or at such time or times as may be required by the laws of the Commonwealth of Virginia or rules of the court of the Commonwealth of Virginia, and such other times and by such other methods, if any, as Trustees, in its sole discretion, shall deem advantageous and proper. "**Expenses**" means all reasonable costs and expenses of any nature whatsoever incurred at any time and from time to time (whether before or after an Event of Default) by Beneficiary and/or Trustees in exercising or enforcing any rights, powers and remedies provided in this Deed of Trust or any of the other Loan Documents, including, without limitation, attorney's fees, court costs, receiver's

32

fees, management fees and costs incurred in the repair, maintenance and operation of, or taking possession of, or selling, the Trust Property.

(i)    Any sale hereunder may be made at public auction, at such time or times, at such place or places, and upon such terms and conditions and after such previous public notice as Trustees shall deem appropriate and advantageous and as required by the laws of the Commonwealth of Virginia.

(ii)    Upon the terms of such sale being complied with, Trustees shall convey to, and at the cost of, the purchaser or purchasers the interest of Grantor in the Trust Property so sold, free and discharged of and from all estate, title or interest of Grantor, at law or in equity, such purchaser or purchasers being hereby discharged from all liability to see to the application of the purchase money.

(iii)    Beneficiary and any affiliate thereof may be a purchaser of the Trust Property or of any part thereof or of any interest therein at any public sale thereof, whether pursuant to foreclosure or power of sale or otherwise hereunder, without forfeiting its right to collect any deficiency from Grantor; and Beneficiary may apply upon the purchase price the Indebtedness secured hereby owing to Beneficiary. Beneficiary, upon any such purchase, shall acquire good title to the properties so purchased, free of the lien of this Deed of Trust and free of all rights of redemption in Grantor and free of all liens and encumbrances subordinate to this Deed of Trust.

(f)    Application of Foreclosure Sale Proceeds. The proceeds of a sale or sales under this Deed of Trust, whether under the assent to a decree, the power of sale, or by equitable foreclosure, shall be held by Trustee and applied in accordance with Section 55.1-324 of the Code.

GRANTOR HEREBY EXPRESSLY WAIVES AND RELEASES ANY REQUIREMENT OR OBLIGATION THAT BENEFICIARY OR TRUSTEES PRESENT EVIDENCE OR OTHERWISE PROCEED BEFORE ANY COURT, CLERK, OR OTHER JUDICIAL OR QUASI-JUDICIAL BODY BEFORE EXERCISE OF THE POWERS OF SALE CONTAINED IN THIS DEED OF TRUST AND IN § 55.1-320 AND §§ 55.1-321 THROUGH 55.1-324 OF THE CODE OF VIRGINIA (1950), AS AMENDED.

5.07.    Word Forms and Captions. The use of any gender or tense herein shall be applicable to all genders and tenses. The use of the singular shall include the plural and the plural shall include the singular. The captions of the various articles and sections herein are for convenience and reference only and in no way define, limit, or describe the scope or intent of this Deed of Trust.

5.08.    Commercial Transaction. The Grantor acknowledges that the proceeds of the Indebtedness secured hereby will be used only for the purpose of acquiring or carrying on a business or commercial enterprise.

5.09.    Notices. All notices, demands, instructions and other communications required or permitted to be given to or made upon any party hereto must be in writing, personally delivered or

33

5055703.1                                    90276.023

sent by postage prepaid first class certified mail, return receipt requested, overnight courier or by facsimile machine, if such facsimile is followed by a hard copy of the facsimile communication sent promptly thereafter by postage prepaid first class certified mail, return receipt requested, or by overnight delivery service. All such notices will be deemed to be given on the day such notice is received if sent by personal delivery or sent by facsimile machine, or one (1) business day after such notice is sent by overnight courier, or three (3) business days after such notice is sent by certified mail. Unless otherwise specified in a notice sent or delivered in accordance with the foregoing provisions of this paragraph, notices, demands, instructions and other communications in writing must be given to or made upon the respective parties hereto at their respective addresses indicated for such party below:

Beneficiary:    FULTON BANK, N.A.
                400 Creekside Drive
                Suite 411
                Pottstown, Pennsylvania 19464
                Attn: Loan Administration

Grantor:        VISION PROPERTY HOLDINGS LLC
                9145 Centreville Road
                Manassas, Virginia 20110
                Attn: Jason J. Brown, Member

or at such other address as the parties may have furnished to each other in writing. The Beneficiary's address set forth above is the address to which any notice permitted to be given to the Beneficiary under Section 55.1-318 of the Code of Virginia, as amended, may be mailed or delivered.

    5.10.   Recitals. The recitals set forth at the beginning of this Deed of Trust are incorporated herein by reference as an integral part of this Deed of Trust.

    5.11.   WAIVER OF JURY TRIAL. THE GRANTOR AND THE BENEFICIARY (BY ACCEPTANCE HEREOF) HEREBY VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER PARTY AGAINST THE OTHER ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS DEED OF TRUST OR THE TRANSACTIONS CONTEMPLATED HEREIN. THE GRANTOR ACKNOWLEDGES THAT IT HAS BEEN INFORMED BY THE BENEFICIARY THAT THE PROVISIONS OF THIS PARAGRAPH CONSTITUTE A MATERIAL INDUCEMENT UPON WHICH THE BENEFICIARY HAS RELIED, IS RELYING AND WILL RELY IN MAKING THE LOAN. THE GRANTOR HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF THE BENEFICIARY (INCLUDING ITS COUNSEL) HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT, IN THE EVENT OF LITIGATION, ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL. THE GRANTOR ACKNOWLEDGES THAT IT HAS CONSULTED WITH AN ATTORNEY AND FULLY UNDERSTANDS THE LEGAL EFFECT OF THE PROVISIONS OF THIS PARAGRAPH.

34

5055703.1                                                                           90276.023

5.12.    Sale. Transfer or Assignment of Note and Loan Documents. The Beneficiary may, at any time, sell, transfer or assign the Note, the related security instrument and any of the Loan Documents, and any or all servicing rights with respect thereto, or grant participations therein or issue mortgage pass-through certificates or other securities evidencing a beneficial interest in a rated or unrated public offering or private placement (the "**Securities**"). The Beneficiary may forward to each purchaser, transferee, assignee, servicer, participant, or investor in such Securities or any Rating Agency (as hereinafter defined) rating such Securities (collectively, the "**Investor**") and each prospective Investor, all documents and information which Beneficiary now has or may hereafter acquire relating to the Grantor, any loan to the Grantor, any guarantor or the Trust Property, whether furnished by Grantor, any guarantor or otherwise, as the Beneficiary determines necessary or desirable.  The term "**Rating Agency**" shall mean each statistical rating agency that has assigned a rating to the Securities.

5.14    The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

(a)    When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

(b)    Beneficiary or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability.  No Grantor or Guarantor may claim or assert against any local or state law to deny any obligation of Grantor, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

[SIGNATURE PAGE TO FOLLOW]

35

5055703.1                                                                                                    90276.023

*[Signature page of Purchase Money Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing]*

IN WITNESS WHEREOF, the Grantor has executed this Deed of Trust under seal on the day and year first above written.

WITNESS/ATTEST:                          VISION PROPERTY HOLDINGS LLC

By: _____ (SEAL)
Name: Jason J. Brown
Title:   Member


COMMONWEALTH OF VIRGINIA        )
                                )  SS:
County OF Fairfax               )


The foregoing instrument was acknowledged before me this 13 day of July, 2023, by Jason J. Brown, Member on behalf of VISION PROPERTY HOLDINGS LLC, a Commonwealth of Virginia limited liability company.

[NOTARIAL SEAL]            Kristen M. Jobein FKA Kristen S. Heflin
                          Notary Public
                          Notary Registration Number: 7839627


My Commission Expires: 12/31/2023

```
KRISTEN S. HEFLIN
NOTARY PUBLIC
REGISTRATION # 7839627
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
DECEMBER 31, 2023
```

36

5055703.1                                          90276.023

## EXHIBIT A

### Legal Description

<u>9145 Centreville Road. Manassas. Virginia 20110</u>

All that certain lot or parcel of land situate, lying and being in the City of Manassas, Virginia, and more particularly described as follows:

Parcel C-2-B-1-A, containing 1.3197 acres, more or less, as shown on plat attached to Deed of Dedication and Subdivision and Easement recorded in Deed Book 2950, at Page 396, among the land records of Prince William County, Virginia.

TOGETHER WITH an easement for ingress and egress over and upon that certain thirty foot (30') ingress/egress easement established in Deed Book 2325 at page 1210.

AND BEING the same property conveyed to Intersport Properties, LLC, a Virginia limited liability company by virtue of a Deed from Tyrrell Land Development, LLC, a Virginia limited liability company, dated July 16, 2010, recorded July 19, 2010, as Instrument Number 201007190061453, among the land records of Prince William County, Virginia.

Tax Map Number: 100/01 00/C2B1A //

5055703.1                                                                    90276.023