# EXHIBIT 3

Prince William County, VA
10/17/2023 01:21 PM Pages: 10
Jacqueline C Smith, Esq., Clerk

**202307140036114**

Prince William County, VA
07/14/2023 03:47 PM Pages: 10
Jacqueline C Smith, Esq., Clerk

**THIS DOCUMENT IS BEING RE-RECORDED TO CORRECT THE TAX MAP NUMBER ON THE FIRST PAGE.**

**Albanese & Associates, P.C.**
**File No.: 26635-23**

Prepared By and After Recordation, Please Return To:
Lerch, Early & Brewer, Chartered
7600 Wisconsin Avenue
Suite 700
Bethesda, Maryland 20814

Tax Map ID #: ~~8389-26-8526~~ 8389-26-8526
**Exempt Per 58.1-809**

## DEED OF TRUST
### (Participation)

THIS DEED OF TRUST (this "**Deed of Trust**"), made this __13th__ day of July, 2023, by and between JASON JOSEPH BROWN and NUVIA HAYDEE GOMEZ, (jointly and severally, "**Grantor**") whose address is 17139 Belle Isle Drive, Dumfries, Virginia 22026, RESOURCE SERVICE CORPORATION, a Virginia corporation (whether one or more, "**Trustee**") whose address is 4429 Bonney Road, Virginia Beach, Virginia 23462, and FULTON BANK, N.A., ("**Beneficiary**") who maintains an office and place of business at 400 Creekside Drive, Suite 411, Pottstown, Pennsylvania 19464 in participation with the Small Business Administration, an agency of the United States.

WITNESSETH, that for and in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby bargain, sell, grant, assign, and convey unto the Trustee, his successors and assigns, all of the following described property situated and being in the County of Prince William, Commonwealth of Virginia (the "**Property**"):

See attached **Exhibit A**

Together with and including all buildings, all fixtures, including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the Grantor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the rents, issues, and profits of the above described property. To have and to hold the same unto the Trustee, and the successors in interest of the Trustee, forever, in fee simple or such other estate, if any, as is stated herein trust, to secure the payment of certain Indebtedness (defined below) evidenced by guaranty documents executed by Grantor (the "**Guaranty Documents**") of a promissory note of this date, in the principal sum of Four Million Three Hundred Forty Thousand and 00/100 Dollars ($4,340,000.00) (the "**Note**"), signed by Jason J. Brown, on behalf of VISION PROPERTY HOLDINGS LLC, VISION MOTORS, INC., VISION SERVICE CENTER, INC. and GREEN LIGHT CONSULTING CORP. The word "Indebtedness" (or "indebtedness") means all obligations of Grantor under the Guaranty Documents together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the obligations under the Guaranty Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee of Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

1

5055704.1                                                                                  90276.023

1. This conveyance is made upon and subject to the further trust that the said Grantor shall remain in quiet and peaceable possession of the above granted and described premises and take the profits thereof to his own use until default be made in any payment of an installment due on the Note or in the performance of any of the covenants or conditions contained therein or in this Deed of Trust; and, also to secure the reimbursement of the Beneficiary or any other holder of the Note and Guaranty Documents, the Trustee or any substitute trustee of any and all costs and expenses incurred, including reasonable attorney's fees, on account of any litigation which may arise with respect to this Deed of Trust or with respect to the indebtedness evidenced by the Guaranty Documents, the protection and maintenance of the Property hereinabove described or in obtaining possession of the Property after any sale which may be made as hereinafter provided.

2. Upon the full payment of the indebtedness evidenced by the Guaranty Documents and the interest thereon, the payment of all other sums herein provided for, the repayment of all monies advanced or expended pursuant to the Guaranty Documents or this instrument, and upon the payment of all other proper costs, charges, commissions, and expenses, the Property shall be released and reconveyed to and at the cost of the Grantor.

3. Upon default in any of the covenants or conditions of this Deed of Trust, or the Guaranty Documents executed by Grantor secured hereby, the Beneficiary or his assigns may without notice and without regard to the adequacy of security for the indebtedness secured, either personally or by attorney or agent without bringing any action or proceeding, or by a receiver to be appointed by the court, enter upon and take possession of the Property or any part thereof, and do any acts which Beneficiary deems proper to protect the security hereof, and either with or without taking possession of the Property, collect and receive the rents, royalties, issues, and profits thereof, including rents accrued and unpaid, and apply the same, less costs of operation and collection, upon the indebtedness secured by this Deed of Trust, said rents, royalties, issues, and profits, being hereby assigned to the Beneficiary as further security for the payment of such indebtedness. Exercise of rights under this paragraph shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice but shall be cumulative to any right and remedy to declare a default and to cause notice of default to be recorded as hereinafter provided, and cumulative to any other right and/or remedy hereunder, or provided by law, and may be exercised concurrently or independently. Expenses incurred by Beneficiary hereunder including reasonable attorney's fees shall be secured hereby.

4. The Grantor covenants and agrees that if he shall fail to pay said indebtedness, or any part thereof, when due, or shall fail to perform any covenant or agreement of this instrument or of the Guaranty Documents, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the Beneficiary or assigns, regardless of maturity, and the Beneficiary or assigns may enter upon the Property and collect the rents and profits thereof. Upon such default in payment or performance, and before or after such entry, the Trustee, acting in the execution of this Deed of Trust, shall have the power to sell the Property, and it shall be the Trustee's duty to sell the Property (and in case of any default of any purchaser, to resell) at public auction, to the highest bidder, first giving two weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said two weeks in a newspaper published or distributed in the county or political subdivision in which the Property is situated, all other notice being hereby waived by the Grantor (and the Beneficiary or any person on behalf of the Beneficiary may bid and purchase at such sale). Such sale will be held at a suitable place to be selected by the Beneficiary within said county or political subdivision. The Trustee is hereby authorized to execute and deliver to the purchaser at such sale a sufficient conveyance of the Property, which conveyance shall contain recitals as to the happening of default upon which the execution of the power of sale herein granted depends; and the said Grantor hereby constitutes and appoints the Trustee as his agent and attorney in fact to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be binding and conclusive upon the Grantor, and said conveyance shall be effectual to bar all equity or right of redemption, homestead, dower, right of appraisement, and all other rights and exemptions of the Grantor, all of which are hereby expressly waived and conveyed to the Trustee. In the event of a sale as hereinabove provided, the Grantor, or any person in possession under the Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as

2

cumulative to all other remedies for the collection of said indebtedness. The Beneficiary or Assigns may take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the Property.

5. In the event of a sale as provided in paragraph 4, the Trustee shall be paid a commission by the Beneficiary in an amount not in excess of five percent (5.0%) of the gross amount of said sale or sales, provided, however, that the amount of such fee shall be reasonable and shall be approved by the Beneficiary as to reasonableness. Said fee shall be in addition to the costs, attorneys' fees and expenses incurred by the Trustee in conducting such sale. The amount of such attorneys' fees, costs and expenses shall be deducted and paid from the sale's proceeds. It is further agreed that if the Property shall be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable fee, in an amount acceptable to the Beneficiary for the services rendered.

The Trustee shall also be reimbursed by the Beneficiary for all costs and expenses incurred in connection with the advertising of the Property for sale if the sale is not consummated.

6. The proceeds of any sale of the Property in accordance with paragraph 4 shall be applied first to payments of fees, costs, and expenses of said sale, the expenses incurred by the Beneficiary for the purpose of protecting or maintaining the Property and reasonable attorneys' fees; secondly, to payment of the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

7. In the event the Property is sold pursuant to the authorization contained in this instrument or at a judicial foreclosure sale and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said the Guaranty Documents securing the Note, the Beneficiary will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement, the Grantor having waived and assigned all rights of appraisement to the Trustee.

8. The Grantor covenants and agrees as follows:

a. He will promptly pay the indebtedness evidenced by the Guaranty Documents at the times and in the manner therein provided.

b. Grantor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the Beneficiary.

c. Grantor will pay such expenses and fees as may be incurred in the protection and maintenance of the Property, including the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured, of such expenses, attorneys' fees and other fees as may be incurred in any foreclosure sale by the Trustee, or court proceedings or in any other litigation or proceeding affecting the Property, and attorney's fees reasonably incurred in any other way.

d. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by the Guaranty Documents securing the Note or any part thereof secured hereby.

e. Grantor will continuously maintain hazard insurance of such type or types and in such amounts as the Beneficiary may from time to time require, on the improvements now or hereafter on the Property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to Beneficiary and the policies and renewals thereof shall be held by Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In the event of loss, Grantor will give immediate notice in writing to Beneficiary and Beneficiary may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Grantor and Beneficiary

3

jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event of a Trustee's sale or other transfer of title to the Property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the Grantor in and to any insurance policies than in force shall pass at the option of the Beneficiary to the purchaser or Beneficiary.

f. Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted, and in the event of the failure of the Grantor to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, the Beneficiary may make such repairs as in the Beneficiary's discretion it may deem necessary for the proper preservation thereof, and any sums paid for such repairs shall bear interest from the date of payment at the rate specified in the Note, shall be due and payable on demand and shall be fully secured by this Deed of Trust.

g. Grantor will not without the prior written consent of the Beneficiary voluntarily create or permit to be created against the property subject to this Deed of Trust any liens inferior or superior to the lien of this Deed of Trust and further that he will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises.

h. Grantor will not rent or assign any part of the rent of the Property or demolish, remove, or substantially alter any building without the written consent of the Beneficiary.

9. In the event the Grantor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged to the property hereinabove described, the Beneficiary is hereby authorized to pay the same and any sum so paid by the Beneficiary shall be added to and become a part of the principal amount of the indebtedness evidenced by the Guaranty Documents. If the Grantor shall pay and discharge the indebtedness evidenced by the Guaranty Documents, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing and executing this Deed of Trust, then this Deed of Trust shall be canceled and surrendered.

10. The Grantor covenants that he is lawfully seized and possessed of and has the right to sell and convey the Property; that the same is free from all encumbrances except as set forth in **Exhibit B** (the "**Permitted Liens**"); and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the lawful claims of all persons whomsoever.

11. For better security of the indebtedness hereby secured the Grantor, upon the request of the Beneficiary, its successors or assigns, shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired after the date hereof (all in form satisfactory to Grantee). Furthermore, should Grantor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Grantor hereby agrees to permit Beneficiary to cure such default, but Beneficiary is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

12. That all awards of damages in connection with any condemnation for public use of or injury to any of the Property are hereby assigned and shall be paid to Beneficiary, who may apply the same to payment of the installments last due under the Note secured by the Guaranty Documents, and the Beneficiary is hereby authorized, in the name of the Grantor, to execute and deliver valid acquittances thereof and to appeal from any such award.

13. The irrevocable right to appoint a substitute trustee or trustees is hereby expressly granted to the Beneficiary, his successors or assigns, to be exercised at any time hereafter without notice and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment. The Grantor and the Trustee herein named or that may hereinafter be substituted hereunder expressly waive notice of the exercise of this right as well as any requirement or application to any court for the removal, appointment or substitution of any

4

trustee hereunder.

14. Notice of the exercise of any option granted herein to the Beneficiary or to the holder of the Note secured by the Guaranty Documents is not required to be given the Grantor, the Grantor having hereby waived such notice.

15. If more than one person joins in the execution of this instrument as Grantor or if anyone so joined be of the feminine sex, the pronouns and relative words used herein shall be read as if written in the plural or feminine, respectively, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any assignee or transferee thereof whether by operation of law or otherwise. The covenants herein contained shall bind and the rights herein granted or conveyed shall inure to the respective heirs, executors, administrators, successors, and assigns of the parties hereto.

16. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration (13 C.F.R. 101.1(d)), this instrument is to be construed and enforced in accordance with applicable Federal law.

17. State-Specific Provisions- Virginia.

      (a)      Principles of Construction. In the event of any inconsistencies between the terms and conditions of this Section 16, and the terms and conditions of this Deed of Trust, the terms and conditions of this Section 16 shall control and be binding.

      (b)      Statutory Conditions. This Deed of Trust is made and delivered in and shall be governed and construed in accordance with the laws of the Commonwealth of Virginia (not including the choice of law rules thereof). Except as otherwise herein expressly provided, this Deed of Trust shall be construed to incorporate the provisions of Sections 55.1-321 through 55.1-324 and Section 8.01-592 of the Code of Virginia as now in force and specifically to incorporate herein the following provisions, by short form reference below, of Sections 55.1-322, 55.1-324, 55.1-325, 55.1-1403 and 8.01-592 of the Code of Virginia:

      (i)      Exemptions waived.
      (ii)      Renewal, extension or reinstatement permitted.
      (iii)      Any Trustee may act.
      (iv)      Advertisement required: Such advertisement shall be published once a week for two successive weeks.
      (v)      Bidder's deposit of not more than 10% of the sales price may be required.
      (vi)      Perfection of lien or interest in leases, rents and profits.
      (vii)      Subject to call upon default.
      (viii)      Special receiver may be appointed on an ex parte basis upon the occurrence of certain exigent circumstances.

      (c)      Assignment of Leases and Rents. Grantor hereby agrees that Beneficiary shall be entitled to all rights and benefits afforded to Beneficiary pursuant to Section 55.1-1403 of the Code.

      (d)      Business and Investment Loan. This Deed of Trust secures a business and investment loan within the meaning of Section 6.2-317 of the Code. Grantor hereby represents and warrants that the indebtedness evidenced by the Note and this Deed of Trust is being obtained for the sole purpose of acquiring and carrying on a loan for business or investment purposes within the meaning of Section 6.2-317 of the Code, and all proceeds of such indebtedness will be used solely in connection with such business or investment.

      (e)      Rights and Remedies of Trustee. Without limiting any rights set forth herein, upon the occurrence and during the continuance of an Event of Default, the Trustee may take possession of and sell the Property, or any part thereof requested by Beneficiary to be sold, and in connection therewith the Grantor hereby authorizes and empowers the Trustees to take possession of and sell (or in case of the default of any purchaser to resell) the Property, or any part thereof, all in accordance with the laws or rules of the courts of the Commonwealth of Virginia relating to deeds

5

of trust. In connection with any foreclosure, Beneficiary and/or Trustees may (y) procure such title reports, surveys, tax histories and appraisals as they deem necessary, and (z) make such repairs and additions to the Property as they deem advisable, all of which shall constitute "Expenses" (hereinafter defined). In the event that the proceeds of any such sale or sales, together with all other monies at the time held by Trustees under this Deed of Trust, are insufficient to pay the foregoing costs and expenses, Beneficiary may, at its sole option, advance such sums as Beneficiary in its sole and absolute discretion shall determine for the purpose of paying all or any part of such Expenses, and all such sums so advanced shall be (A) secured by all other collateral for the Note, (B) added to the amount due under the Note, and (C) payable on demand with interest at the rate of interest applicable to the principal balance of the Note, from and including the date each such advance is made. In any event, the Obligors shall be liable to Beneficiary for any deficiency if the proceeds of any such sale or sales are insufficient to satisfy in full the amounts due under the Note, and to pay the costs and expenses of executing the trust, including a reasonable commission to the Trustee, and to discharge all taxes, levies, and assessments, with costs and interest if they have priority over the lien of this Deed of Trust, including the amounts due pro rata thereof for the current year, the Grantor shall pay or reimburse the Trustees for all of Trustees' expenses and disbursements hereunder regardless of whether the Property is sold. In the case of any sale under this Deed of Trust, by virtue of judicial proceedings or otherwise, the Property may be sold as an entirety or in parcels, by one sale or by several sales, and any fixtures or collateral encumbered by this Deed of Trust may be sold at the same sale as the Property or in one or more sales, as may be deemed by Trustee to be appropriate and without regard to any right of the Grantor or any other person to the marshalling of assets, for cash, on credit or for other property, for immediate or future delivery, and for such price or prices and on such terms having first given such notice prior to the sale of such time, place and terms by publication in at least one newspaper published or having general circulation in the city or county in which the Property is located or at such time or times as may be required by the laws of the Commonwealth of Virginia or rules of the court of the Commonwealth of Virginia, and such other times and by such other methods, if any, as Trustees, in its sole discretion, shall deem advantageous and proper. "**Expenses**" means all reasonable costs and expenses of any nature whatsoever incurred at any time and from time to time (whether before or after an Event of Default) by Beneficiary and/or Trustees in exercising or enforcing any rights, powers and remedies provided in this Deed of Trust or any of the other Loan Documents, including, without limitation, attorney's fees, court costs, receiver's fees, management fees and costs incurred in the repair, maintenance and operation of, or taking possession of, or selling, the Property.

(i)     Any sale hereunder may be made at public auction, at such time or times, at such place or places, and upon such terms and conditions and after such previous public notice as Trustees shall deem appropriate and advantageous and as required by the laws of the Commonwealth of Virginia.

(ii)    Upon the terms of such sale being complied with, Trustees shall convey to, and at the cost of, the purchaser or purchasers the interest of Grantor in the Property so sold, free and discharged of and from all estate, title or interest of Grantor, at law or in equity, such purchaser or purchasers being hereby discharged from all liability to see to the application of the purchase money.

(iii)   Beneficiary and any affiliate thereof may be a purchaser of the Property or of any part thereof or of any interest therein at any public sale thereof, whether pursuant to foreclosure or power of sale or otherwise hereunder, without forfeiting its right to collect any deficiency from Grantor; and Beneficiary may apply upon the purchase price the Indebtedness secured hereby owing to Beneficiary. Beneficiary, upon any such purchase, shall acquire good title to the properties so purchased, free of the lien of this Deed of Trust and free of all rights of redemption in Grantor and free of all liens and encumbrances subordinate to this Deed of Trust.

(f)     Application of Foreclosure Sale Proceeds.   The proceeds of a sale or sales under this Deed of Trust, whether under the assent to a decree, the power of sale, or by equitable foreclosure, shall be held by Trustee and applied in accordance with Section 55.1-324 of the Code.

GRANTOR HEREBY EXPRESSLY WAIVES AND RELEASES ANY REQUIREMENT OR OBLIGATION THAT BENEFICIARY OR TRUSTEES PRESENT EVIDENCE OR OTHERWISE PROCEED BEFORE ANY COURT, CLERK, OR OTHER JUDICIAL OR QUASI-JUDICIAL BODY BEFORE EXERCISE OF THE POWERS OF SALE CONTAINED IN THIS DEED OF TRUST AND IN § 55.1-320 AND §§ 55.1-321 THROUGH 55.1-324 OF THE CODE OF VIRGINIA (1950), AS AMENDED.

SBA Form 930 (3-87)
5055704.1                                                                                                    90276.023

18.  A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

19.  If all or any part of the Property or any Interest in the Property is sold or transferred (or if Grantor is not a natural person and a beneficial interest in Grantor is sold or transferred) without Beneficiary's prior written consent, Beneficiary may require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Beneficiary if such exercise is prohibited by applicable law.  As used in this Section, **"Interest in the Property"** means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Grantor at a future date to a purchaser. If Beneficiary exercises this option, Beneficiary shall give Grantor notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given within which Grantor must pay all sums secured by this Deed of Trust.  If Grantor fails to pay these sums prior to the expiration of this period, Beneficiary may invoke any remedies permitted by this Security Instrument without further notice or demand on Grantor.

20.  The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners.  If the United States is seeking to enforce this document, then under SBA regulations:

(a)    When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

(b)    Beneficiary or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes.  By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability.  No Borrower or Guarantor may claim or assert against any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by the Guaranty Documents secured by this Deed of Trust.

IN WITNESS WHEREOF, the Grantor has executed this instrument and the Trustee and Beneficiary have accepted the delivery of this instrument as of the day and year aforesaid.

_____ [SEAL]
JASON JOSEPH BROWN

_____ [SEAL]
NUVIA HAYDEE GOMEZ

7

SBA Form 930 (3-87)
5055704.1                                                                                      90276.023

COMMONWEALTH OF VIRGINIA                    )
                                           ) SS:
COUNTY OF FairFax                          )

I HEREBY CERTIFY that on this 13 day of July, 2023 before me, the subscriber, a Notary Public in and for the jurisdiction aforesaid, personally appeared in said jurisdiction JASON JOSEPH BROWN and NUVIA HAYDEE GOMEZ, personally well known to me (or satisfactorily proven) to be the persons whose names are subscribed to the foregoing instrument, and acknowledged that they executed the same for the purposes therein contained, and delivered the same as such.

WITNESS my hand and Notarial Seal the year and day first above written.

[NOTARIAL SEAL]                    Kristen M Jobera FRA Kristen S. Heflin
                                   Notary Public
                                   Notary Registration Number: 7839627

My Commission Expires: 12/31/2023

KRISTEN S HEFLIN
NOTARY PUBLIC
REGISTRATION # 7839627
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
DECEMBER 31, 2023

8

SBA Form 930 (3-87)
5055704.1                                                    90276.023

**EXHIBIT A**
**Legal Description**

<u>17139 Belle Isle Drive. Dumfries. Virginia 22026</u>

All that certain lot, piece and parcel of land, with all improvements thereon and all appurtenances thereto belonging, located and being m the County of Prince William, Commonwealth of Virginia, and being designated as follows:

Lot 16, Phase 2B, Section 2, HARBOR STATION, as the same is duly dedicated in Instrument Number 201211160110982, and as shown on plat at Instrument Number 201211160110983, recorded among the land records of Prince William County, Virginia.

Tax Map ID #: 8389-26-8526

9

EXHIBIT B
Permitted Liens

**1.** Deed of Trust from Grantor securing NVR Mortgage Finance, Inc. in the original principal amount of $618,750.00, recorded November 10, 2016 as Instrument No. 201611100093424.

**2.** Deed of Trust from Grantor securing Fairfax Federal Credit Union in the original principal amount of $123,750.00, recorded November 10, 2016 as Instrument No. 201611100093425.

3. Easements and Covenants of Record

10