IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FULTON BANK, N.A.,

Plaintiff/ Counter Defendant

v. Case No. 1:26-cv-02325-PTG-LRV

VISION PROPERTY HOLDINGS LLC, et al

Defendants / Counter Plaintiffs

**ANSWER AND GROUNDS OF DEFENSE**

COMES NOW your Defendants Vision Property Holdings LLC; Vision Motors, Inc.; Vision Service Center, Inc.; Green Light Consulting Corp.; Jason J. Brown; and Nuvia H. Gomez (collectively, "Vision"), by counsel, and as their Answer and Grounds of Defense to the Complaint filed by Fulton Bank, N.A. ("Fulton"), respectfully alleges as follows:

1. The allegations of paragraph 1 set forth the nature of the claim by Fulton, and as such do not require a response. To the extent a response is required, Vision deny the allegations and demands strict proof thereof. Vision specifically denies that they are in default of the note, as Fulton agreed to, and then immediately breached, a reinstatement agreement, causing significant and foreseeable damage to Vision, as further set forth in the Counterclaim filed contemporaneously herewith.
2. The allegations of paragraph 2 are admitted.
3. The allegations of paragraph 3 are admitted.
4. The allegations of paragraph 4 are admitted.
5. The allegations of paragraph 5 are admitted.
6. The allegations of paragraph 6 are admitted.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are admitted.

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are admitted.

15. The allegations of paragraph 15 are admitted.

16. The allegations of paragraph 16 are admitted.

17. The allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 are admitted.

19. As to the allegations of paragraph 19, it is admitted that the Note contains the quoted language. It is denied that Vision is currently in default, for the reasons set forth in the Counterclaim filed contemporaneously herewith.

20. As to the allegations of paragraph 20, it is admitted that Vision failed to make the monthly payments on July 1, 2025, August 1, 2025 and September 1, 2025.

21. The allegations of paragraph 21 are admitted. It is denied that Vision is currently in default, for the reasons set forth in the Counterclaim filed contemporaneously herewith.

22. The allegations of paragraph 22 are admitted.

23. The allegations of paragraph 23 are admitted. It is denied that Vision is currently in default, for the reasons set forth in the Counterclaim filed contemporaneously

herewith.

24. As to the allegations of paragraph 24, it is admitted that the parties entered into a Reinstatement Agreement, which required Vision to pay Fulton $275,333.00 on or before December 19, 2025, and that Vision fully complied with this Reinstatement Agreement. The details of said Reinstatement Agreement are set forth in the Counterclaim filed contemporaneously herewith.

25. The allegations of paragraph 25 are denied as phrased, although it is admitted that Vision did not make a payment on January 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

26. The allegations of paragraph 26 are denied as phrased, although it is admitted that Vision did not make a payment on February 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

27. The allegations of paragraph 27 are admitted.

28. The allegations of paragraph 28 are admitted.

29. The allegations of paragraph 29 are denied as phrased, although it is admitted that Vision did not make a payment on March 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

30. The allegations of paragraph 30 are admitted.

31. The allegations of paragraph 31 are denied as phrased, although it is admitted that Vision did not make a payment on April 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

32. The allegations of paragraph 32 are admitted.

33. The allegations of paragraph 33 are denied as phrased, although it is admitted that Vision did not make a payment on May 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement

Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

34. The allegations of paragraph 34 are denied as phrased, although it is admitted that Vision did not make a payment on June 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

35. The allegations of paragraph 35 are denied as phrased, although it is admitted that Vision did not make a payment on July 1, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

36. The allegations of paragraph 36 are denied as phrased, although it is admitted that Vision did not make a payment since on or about April 30, 2026. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but

which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

37. The allegations of paragraph 37 are denied. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

38. The allegations of paragraph 38 are denied. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

39. The allegations of paragraph 39 are denied. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite

the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

40. The responses to the preceding paragraphs are incorporated herein.

41. The allegations of paragraph 41 are denied. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

42. As to the allegations of paragraph 42, it is admitted that the Note requires repayment in accordance with its terms. It is denied that Vision is currently in default or breach, for the reasons set forth in the Counterclaims filed contemporaneously herewith.

43. The allegations of paragraph 43 are denied. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

44. As to the allegations of paragraph 44, it is admitted that the Brown Guaranty

contains the quoted obligation. It is denied that any sums are currently due and owing from Brown, for the reasons set forth in the Counterclaim filed contemporaneously herewith.

45. The allegations of paragraph 45 are denied. The parties entered into a Reinstatement Agreement, which Vision fully complied with, but which Fulton breached almost immediately upon receiving payment under the Reinstatement Agreement. Despite the Reinstatement Agreement, Fulton failed and refused to waive the default and reinstate the loan, keeping the loan in acceleration and default status. The details of Fulton's breach and resulting damages to Vision are set forth in the Counterclaim filed contemporaneously herewith.

46. As to the allegations of paragraph 46, it is admitted that the Gomez Guaranty contains the quoted obligation. It is denied that any sums are currently due and owing from Gomez, for the reasons set forth in the Counterclaim filed contemporaneously herewith.

47. The allegations of paragraph 47 are denied. Vision did not fail or refuse to repay the Loan; rather, Fulton breached the Reinstatement Agreement described in the Counterclaims filed contemporaneously herewith and thereby prevented Vision's performance.

48. The allegations of paragraph 48 are denied, including the amount of damages claimed. Any amounts owed, and any right of Fulton to collect them, are subject to and diminished by Fulton's breach of the Reinstatement Agreement and Vision's resulting damages, as set forth in the Counterclaims filed contemporaneously herewith.

49. The allegations of paragraph 49 are admitted.

50. Any allegation not specifically admitted is hereby deemed denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
***(First Breach Doctrine)***

The Complaint is barred by the first breach doctrine.

**SECOND AFFIRMATIVE DEFENSE**
***(Setoff, Offset, and Recoupment)***

Vision asserts the rights of setoff, offset and recoupment.

**THIRD AFFIRMATIVE DEFENSE**
***(Waiver and Estoppel)***

The Complaint is barred by the doctrines of waiver and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**
***(Unclean Hands)***

The Complaint is barred by Fulton's lack of clean hands.

**FIFTH AFFIRMATIVE DEFENSE**
***(Reservation of Rights)***

Vision reserves the right to raise any other defense they become aware of through this litigation.

Wherefore, your Defendants Vision Property Holdings LLC; Vision Motors, Inc.; Vision Service Center, Inc.; Green Light Consulting Corp.; Jason J. Brown; and Nuvia H. Gomez, by counsel, having fully responded to the Complaint, respectfully requests this Honorable Court to dismiss the Complaint with prejudice and award them their costs and fees incurred herein.

VISION PROPERTY HOLDINGS LLC
VISION MOTORS, INC.
VISION SERVICE CENTER, INC.
GREEN LIGHT CONSULTING CORP.
JASON J. BROWN
NUVIA H. GOMEZ.
By Counsel

/s/Thomas R. Breeden
Thomas R. Breeden, Esquire, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277, facsimile (703) 337-0441
email TRB@TBreedenlaw.com
Counsel for Defendants / Counter Plaintiffs

/s/Brian L. Bromberg
Brian L. Bromberg, Esquire (*pro hac vice* application to be filed)
Bromberg Law Office, P.C.
99 Main Street
Nyack, New York 10960
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com
Counsel for Defendants / Counter Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on the 24th day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/Thomas R. Breeden
Thomas R. Breeden