**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **FULTON BANK, N.A.,**<br><br>*Plaintiff/Counterclaim Defendant,*<br><br>v.<br><br>**VISION PROPERTY HOLDINGS LLC, et al.,**<br><br>*Defendants/Counterclaim Plaintiffs.* | ) | **Civil Action No.: 1:26-CV-02325** |

**PROPOSED JOINT DISCOVERY PLAN**

The Parties hereto, by their respective counsel, having conferred regarding the topics set forth in Rule 26(f) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, including claims, defenses, and the possibility of a prompt settlement, hereby propose the following plan for completion of discovery in this matter.

**I. INITIAL DISCLOSURE**

A. The Parties will serve their Rule 26(a)(1) disclosures on or before **October 21, 2026**.

B. This Discovery Plan shall not be construed to limit the Parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Rules.

**II. DISCOVERY**

A. The Court has ordered all discovery shall be completed by **January 15, 2027,** in accordance with its September 19, 2026 Scheduling Order (Dkt. No. 17) (the "Scheduling Order"). The parties have filed a Joint Motion to Extend Deadlines asking that the Court extend the

discovery cutoff and the final pretrial by sixty (60) days.

B. The Parties agree that all discovery requests, including Requests for Production of Documents, Interrogatories, and Requests for Admissions must be served consistent with discovery completion identified in the Scheduling Order or as subsequently amended. Depositions may be set, served, and/or noticed so as to be completed on or before the close of discovery under the Scheduling Order. The Parties agree to work together in an effort to coordinate agreeable deposition dates.

C. The Parties agree that each will provide or make available to the other Party all materials obtained from third parties pursuant to subpoena or governmental requests within five (5) business days of receipt.

D. The Parties agree that to the extent discovery of confidential, proprietary, trade secret and/or commercially sensitive information is likely to occur, that such production of documents, things or testimony containing or reflecting such information shall occur under a protective order. Counsel agree to discuss entry of a stipulated protective order. The Party requesting the protective order shall circulate a proposed draft that includes provisions for producing documents and things as confidential or for attorneys' eyes only, to the extent appropriate. If this occurs, the Parties will then work together to agree on a protective order consistent with the applicable rules. The Parties intend to seek discovery with respect to all claims and allegations contained in the Complaint, the Counterclaim, and Answers, and any amendments thereto, filed by the Parties.

E. Discovery will be conducted in accordance with the Federal Rules, the Local Rules, and the Scheduling Order, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the Parties and on any third parties. The Parties

will not exceed five (5) non-party, non-expert depositions each, nor serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of the Court.

F. At this time, the Parties do not anticipate requesting that the limitations imposed upon discovery by the Federal Rules, the Local Rules, and the Scheduling Order be changed or that additional limitations upon discovery be imposed except as set forth in any protective order stipulated by the Parties.

## III. ELECTRONICALLY STORED INFORMATION

A. The Parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and if they are unable to reach an agreement, the applicable Party shall file a motion in accordance with the Federal Rules and the Local Rules.

B. The Parties agree to work together in good faith to produce electronically stored information in accordance with Rule 34(b)(E). For document review software processing, the Parties agree to produce their respective ESI initially as text-searchable PDFs with family relationship preserved. In the event the Receiving Party has good reason to believe the Producing Party has committed spoliation, the Receiving Party may request and the Producing Party shall produce responsive ESI in single page TIFF images with metadata load files that preserve the family relationship and include searchable extracted text, native links (excel spreadsheets), and the following metadata fields: docdatetime, custodian name, author, recipients, cc, bcc, subject, file extension, document type, file name, file path, sent date, date created, date last accessed, date last modified. Notwithstanding the foregoing, the following types of records also must be produced in native format with corresponding metadata: spreadsheets, PowerPoint, photographs, videos, audio or visual media, and structured databases. Passwords enabling access to such records, if any, are

to be provided.

## IV. PRIVILEGE LOGS

A. The Parties agree that communications between any Party and its counsel occurring after this action was filed need not be identified on any privilege log. To the extent a privilege log is required, the Party responding to discovery shall provide within ten (10) days of a production a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

B. The Parties agree to address inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege pursuant to any protective order stipulation agreed to by the Parties.

C. The foregoing is intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Rule 26(b)(5)(B).

## V. EXPERT DISCLOSURES

The Parties agree that expert discovery may be necessary. In that event, expert disclosures and challenges thereto shall comply with the requirements of the Scheduling Order.

The Parties jointly propose the following deadlines:

A. The Party with the burden of proof on a claim will serve any expert disclosures and reports relating to that claim by **October 30, 2026**.

B. The opposing Party will serve any rebuttal expert disclosures and reports relating to such claims by **November 30, 2026**.

C. Any rebuttal reports by the expert(s) of the party having the burden of proof on a particular claim will be served by **December 15, 2026**.

D. Experts will be deposed during the discovery period unless the Court grants leave for a limited extension of time for good cause shown.

**VI. SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES**

The Parties agree that all pleadings, motions, and other papers that are filed are to be served on the other Party electronically as provided by the Rules and Local Rules. In addition, the Parties agree to serve by e-mail all discovery requests and responses thereto. Service of discovery requests, objections and responses by e-mail prior to 11:59 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6.

**VII. MODIFICATION**

The Parties agree that a Party's agreement to the deadlines and limitations stated in this Discovery Plan is without prejudice to its right to seek modification of the Discovery Plan and pretrial schedule pursuant to Rules 16 and 26.

**VIII. SETTLEMENT CONFERENCE**

The Parties have scheduled a settlement conference with Judge Vaala for November 2, 2026.

**IX. SUMMARY JUDGMENT**

The Parties agree that any summary judgment motions shall be filed in accordance with the requirements of Rule 56, the Local Rules and the Scheduling Order.

**X. CONSENT TO MAGISTRATE**

The parties do not consent to trial before a Magistrate Judge at this time.

**XI. FINAL PRE-TRIAL**

The Final Pre-Trial Conference is scheduled for Wednesday, **January 20, 2027,** at 10:00 a.m.

**XII. WAIVER OF RULE 16 CONFERENCE**

The Parties agree to waive the Rule 16 initial pre-trial conference scheduled for **October 21, 2026,** at 11:00 a.m., at the Court's discretion.

Respectfully submitted,

Dated: October 9, 2026

**FULTON BANK, N.A.**

By: */s/ Annemarie DiNardo Cleary*

Annemarie DiNardo Cleary (VSB #28704)
Christopher L. Perkins (VSB # 41783)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
901 E. Byrd Street, Suite 1105
Richmond, Virginia 23219
Phone: (804) 788-7740
Fax: (804) 698-2950
acleary@eckertseamans.com
cperkins@eckertseamans.com

*Counsel for Fulton Bank, N.A.*

**VISION PROPERTY HOLDINGS LLC**
**VISION MOTORS, INC.**
**VISION SERVICE CENTER, INC.**
**GREEN LIGHT CONSULTING CORP.**
**JASON J. BROWN**
**NUVIA H. GOMEZ**

By: *Thomas R. Breeden*

Thomas R. Breeden (VSB #33410)
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Phone: (703) 361-9277
Fax: (703) 337-0441
TRB@TRBreedenlaw.com

and

Brian Lewis Bromberg
BROMBERG LAW OFFICE, P.C.
99 Main Street
Nyack, NY 10960
Phone: (212) 248-7906
Fax; (212) 248-7908
brian@bromberglawoffice.com

*Counsel for Defendants / Counter Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of October 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Annemarie DiNardo Cleary*
Annemarie DiNardo Cleary